**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRAEBYRD VENTURES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | **Civil Action No. 4:26-cv-03062** |
| | § | |
| **KARIE BOGART AND** | § | |
| **MELANGE PAINTS, LLC** | § | |
| **(N/K/A LEGACY PAINTS, LLC),** | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to Federal Rules of Civil Procedure 16 and 26(f) and the Court's Order for Scheduling Conference and Disclosure of Interested Parties (ECF 3), Plaintiff Graebyrd Ventures, LLC ("Graebyrd" or "Plaintiff") and Defendants Karie Bogart ("Bogart") and Legacy Paints, LLC, formerly known as Melange Paints, LLC (the "Kansas Entity") (together, "Defendants"), submit this Joint Discovery/Case Management Plan in advance of the Scheduling Conference set for July 2, 2026 at 11:00 a.m. before United States Magistrate Judge Richard W. Bennett.

The pleadings are not closed, no Defendant has answered, and four motions under Rule 12 (including  28 U.S.C. § 1404(a) and Rule 9) are pending (ECF 7–10). The parties agree that, in light of those motions, the responses and proposed deadlines set out below are provisional, are submitted subject to the Court's rulings on the pending Rule 12 motions, and may require amendment following those rulings; the parties reserve the right to amend or supplement this Plan accordingly. Defendants further contend that resolution of the pending motions may materially narrow or dispose of this action. Defendants submit this Plan, and participate in the Rule 26(f) process and the Scheduling Conference, subject to and without waiver of their pending motions

**Joint Discovery/Case Management Plan**                                      **Page 1 of 14**

and all defenses, including their objections to subject-matter jurisdiction, personal jurisdiction, and venue. Nothing in this Plan, and no act taken in compliance with it or with the Court's scheduling requirements, constitutes a waiver of those motions or defenses or a general appearance inconsistent with them.

1.      **Rule 26(f) Meeting**

*State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended on behalf of each party.*

**Response:**   Counsel for the parties conferred as required by Rule 26(f) on June 16, 2026, by telephone. Brandon J. Leavitt of Leavitt and Eldredge Law Firm attended for Plaintiff. Philip D. Racusin and Sarah C. Caton of Hendershot Cowart P.C. attended for Defendants.

2.      **Jurisdiction**

a.      <u>*Basis:*</u> *Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.*

**Response:**    Plaintiff asserts that the Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff pleads claims under the Lanham Act, 15 U.S.C. § 1125(a), and the Defend Trade Secrets Act, 18 U.S.C. § 1836, and supplemental jurisdiction under 28 U.S.C. § 1367 over the related Texas-law claims. Defendants disagree: Defendants contend that the Court lacks subject-matter jurisdiction because Plaintiff lacks Article III standing, having (in Defendants' view) acquired the asserted rights and accrued causes of action only after the alleged injuries (ECF 7). Plaintiff disputes that contention and asserts that, as the successor-in-interest and assignee, it has standing as pleaded (ECF 1 ¶¶ 2, 4–7, 25–28). The motion is pending. Defendants further

**Joint Discovery/Case Management Plan**                                    **Page 2 of 14**

contend that if the federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining Texas-law claims under 28 U.S.C. § 1367(c)(3).

b.   *Diversity: For jurisdiction based on diversity, identify any disagreement about the amount in controversy. If the case involves an unincorporated entity as a party (such as an LLC, LLP, or partnership), state the citizenship of every member or partner. Any such party must also attach to this filing an affidavit or declaration establishing the citizenship of every member.*

**Response:**   Plaintiff does not premise jurisdiction on diversity, so the amount-in-controversy and member-citizenship-affidavit requirements are not implicated. For completeness, Plaintiff states that Graebyrd Ventures, LLC's sole member is Morgan Marchingo, a citizen of Texas. The Complaint alleges that Legacy Paints, LLC's sole member is Karie Bogart, and that Bogart is a citizen of Kansas (ECF 1 ¶¶ 8–9).

**3.   Case Background**

a.   *General Description: Briefly describe what this case is about. In addition, state the elements of each cause of action, defense, and counterclaim.*

**Plaintiff's Description:**

Plaintiff alleges that this is an intellectual-property and trade-secret action. Plaintiff asserts that it is the successor-in-interest to the Mélange Paints business and the assignee of U.S. Trademark Registration No. 6,835,638 for the mark MÉLANGE PAINTS, together with associated common-law rights, trade secrets, and contractual rights. Plaintiff alleges that Defendant Bogart, after executing a written Confidentiality Agreement to evaluate a potential acquisition of the Mélange business, used Mélange's confidential information and trade secrets to develop and market a competing paint line, formed a

Kansas entity originally named "Melange Paints, LLC" (now Legacy Paints, LLC), and traded on Mélange's name, branding, supplier channel, and "ONE" product line. Defendants deny Plaintiff's allegations.

**Plaintiff's causes of action and their elements:**

Count I — Breach of Confidentiality Agreement (against Bogart): (i) a valid, enforceable contract; (ii) performance or tender by Plaintiff or its predecessor; (iii) breach by Bogart; and (iv) resulting damages. Count II — Trade-Secret Misappropriation under the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001 et seq. (all Defendants): (i) a trade secret; (ii) owned by Plaintiff; (iii) acquired through breach of a confidential relationship or other improper means, or used or disclosed without consent under a duty to maintain secrecy; and (iv) resulting injury.

Count III — Trade-Secret Misappropriation under the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, 1839 (all Defendants): (i) ownership of a trade secret; (ii) related to a product or service used in or intended for interstate commerce; and (iii) misappropriation. Count IV — False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a) (all Defendants): (i) ownership of a protectable mark with priority (and, for a mark on the Supplemental Register, acquired distinctiveness/secondary meaning); (ii) Defendants' use in commerce of a confusingly similar designation; and (iii) a likelihood of consumer confusion. Count V — Texas Common-Law Unfair Competition, pleaded in the

alternative (all Defendants): an illegal or tortious act — such as misuse of confidential information or passing off — that interferes with Plaintiff's ability to conduct business, to the extent not displaced by TUTSA.

**Defendants' description:**

Defendants contend that this dispute arises from a failed, arm's-length negotiation in which Bogart sought to purchase the Mélange Paints business from nonparty Ryan Schaub and during which period of time Melange Paints, LLC (KS), which was formed purely as an acquisition vehicle and is a signatory to the operative acquisition documents, purchased goods from the seller's business, and that the acquisition transaction was never consummated because the seller could not deliver the assets he represented he owned, including social-media and e-commerce accounts that Defendants contend were owned by nonparty Morgan Marchingo, Plaintiff's sole member. Defendants further contend that Plaintiff Graebyrd Ventures, LLC acquired the asserted rights, if at all, only after the events alleged in the Complaint, and therefore lacks standing; that the information Plaintiff calls trade secrets is not protectable because it consists of publicly available information and third-party (Behr) base products; and that the asserted "MÉLANGE PAINTS" designation and/or the "MELANGE" mark registered on the supplemental register is, *inter alia*, descriptive and lacks secondary meaning. Defendants deny Plaintiff's allegations and deny that Plaintiff is entitled to any relief. These contentions are provided for the Court's background, are addressed

more fully in Defendants' pending motions, and will be set out in Defendants' responsive pleading, if any need be filed.

**Defenses:** No Defendant has answered. Based on their pending Rule 12 motions, Defendants contend: lack of Article III standing and subject-matter jurisdiction under Rule 12(b)(1) (ECF 7); failure to state a claim and lack of particularity under Rule 9(b), and alternatively a more definite statement under Rule 12(e) (ECF 8); failure to join required and indispensable parties under Rule 12(b)(7) and Rule 19 (ECF 9); and, as to Legacy Paints, LLC, lack of personal jurisdiction and improper venue under Rules 12(b)(2) and 12(b)(3), and alternatively transfer to the District of Kansas under 28 U.S.C. § 1404(a) (ECF 10). Defendants further contend, among other things, that the assignment/chain-of-title is defective, that the mark is descriptive and lacks secondary meaning, and that the asserted trade secrets are not protectable. Plaintiff disputes each contention and [has filed / will timely file] its responses. Defendants' remaining defenses will be set out in their responsive pleading.

**Counterclaims:** None have been asserted; no Defendant has yet answered. Defendants reserve the right to assert counterclaims, cross-claims, and third-party claims, including following the Court's rulings on the pending motions and in responsive pleadings that may be filed in the future.

b.   *Related Cases:* List all related cases pending in any other state or federal court. Identify the court and case number. Describe how it relates to this case.

**Response:**   The parties are aware of no related case pending in any other state or federal court.

c.   *Class Issues:* Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify the basis for any opposition.

**Response:**   None. This is not a class or collective action.

**4.   Parties**

a.   *Unserved Parties:* List any unserved parties. State a date certain by which that party will be served.

**Response:**   None. Both Defendants — Karie Bogart and Legacy Paints, LLC (f/k/a Melange Paints, LLC) — have been served and have appeared through counsel without waiving, and expressly preserving, their pending Rule 12 motions and defenses, including their objections to personal jurisdiction and venue.

b.   *Additional Parties:* List any anticipated additional parties. Identify the party seeking to add them, briefly explain why, and indicate a date by which to do so.

**Response:**   Plaintiff does not presently intend to add parties. Defendants contend that Morgan Marchingo, Mélange Paints LLC (Texas), and Ryan Schaub are required and indispensable parties under Rule 19, and have moved to dismiss or, alternatively, to compel their joinder and stay the merits (ECF 9). Plaintiff disputes that any additional party is required and asserts that it is the sole owner of the asserted rights as assignee and successor-in-interest. The issue is pending (ECF 9). Any deadline to join additional parties is addressed in the proposed Scheduling Order and is subject to the Court's rulings on the pending motions.

c.    *Interventions:* List and briefly explain any anticipated interventions.

**Response:**  None anticipated.

d.    *Interested Persons:* Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons.

**Response:**  Defendants filed their Certificate of Interested Parties on June 3, 2026 (ECF 16). Plaintiff [has filed / will file] its Certificate of Interested Persons as directed by the Court's Order (ECF 3).

5.    **Discovery**

a.    *Initial Disclosures:* State whether each party has completed its Rule 26(a) initial disclosures. If not, specify the date by which each party will do so.

**Response:**  Neither party has completed Rule 26(a)(1) initial disclosures. The parties agree that the timing of initial disclosures and the commencement of discovery is subject to the Court's rulings on the pending Rule 12 motions. The parties will confer and submit an agreed proposed schedule (or competing proposals) within fourteen (14) days after the Court's rulings on the pending motions. Defendants' position is that, because the pending motions include threshold challenges to subject-matter jurisdiction and personal jurisdiction, initial disclosures and all discovery should be held in abeyance until the Court resolves those threshold issues.

b.    *Phases:* State whether the parties considered conducting discovery in phases.

**Response:**  Yes. The parties considered phasing and are considering conducting fact discovery to be completed before the commencement of expert discovery. The parties agree that the discovery plan and schedule are subject to the Court's rulings on the pending Rule 12 motions.

c.      *Completed: Specify any discovery already underway or accomplished.*

**Response:**   None. No discovery has been conducted to date.

d.      *Limitations: Describe any requested change to limitations set by the Federal Rules of Civil Procedure as to interrogatories, depositions, or other matters.*

**Response:**   The parties do not presently request changes to the limitations imposed by the Federal Rules of Civil Procedure or the Local Rules on interrogatories, depositions, requests for admission, or document requests. Given the number of likely witnesses, Plaintiff reserves the right to seek a modest enlargement of the deposition limits by agreement or motion if needed. Defendants do not agree that any enlargement of the deposition limits is warranted and reserve the right to oppose any such request; Defendants likewise reserve the right to seek appropriate limitations, or if warranted, enlargements, by agreement or motion.

e.      *Preservation: Describe any issues about preservation of discoverable information.*

**Response:**   The parties are aware of their preservation obligations and have taken or will take reasonable steps to preserve relevant documents and electronically stored information, including social-media and e-commerce account data, supplier and sourcing communications, formulation records, and marketing materials. The parties are aware of no specific preservation dispute at this time. The parties' preservation obligations are mutual. Defendants note that relevant materials also include communications among Ryan Schaub, Morgan Marchingo, Mélange Paints, LLC (Texas), and Graebyrd Ventures, LLC concerning ownership of the asserted marks, trade secrets, and formulations, supplier and sourcing relationships, social-media and e-commerce accounts,

and the assignment and chain of title to the asserted rights; the parties will take reasonable steps to preserve such materials.

f.      *Disputes: Specify any discovery disputes.*

**Response:**   None ripe at this time. The parties acknowledge the Court's requirement to confer and obtain leave through the pre-motion-letter procedure before bringing any discovery dispute (ECF 3 ¶ 6).

**6.    Orders**

a.      *Protective Order: State whether the parties will request a protective order. Describe any issues about confidentiality.*

**Response:**   Yes. Given the trade-secret and confidential commercial information at issue (including formulations, supplier identities, and pricing), the parties will request a protective order. The parties agree that entry of a protective order is appropriate to govern the exchange of confidential information in this action, including trade secrets, formulations, supplier identities, and pricing. Plaintiff has proposed the Northern District of Texas standard form protective order. Defendants have reviewed that form and are proposing modifications to it. The parties are conferring in good faith and will submit either an agreed proposed protective order or, if they are unable to reach agreement, competing proposals for the Court's resolution. The parties further anticipate that an order under Federal Rule of Evidence 502(d) governing inadvertent disclosure of privileged material is appropriate and will be incorporated into the proposed protective order. Defendants' participation in this Plan and in the negotiation of a protective order is subject to and without waiver of their

pending motions and defenses, including their objections to personal jurisdiction and venue, and does not constitute a general appearance.

b.   *E-Discovery Order:* *State whether the parties will request an electronic discovery order. Describe any issues about disclosure or discovery of electronically stored information.*

**Response:**   The parties anticipate discovery of electronically stored information from email, social-media platforms, e-commerce marketplaces (e.g., Etsy), and cloud storage, and may request an electronic-discovery order. Defendants have supplied a draft electronic-discovery order for the parties' consideration and the parties anticipate that they may agree on the form of an electronic discovery order. The parties will confer regarding the form of production and will submit an agreed ESI protocol or request entry of one if a dispute arises.

**7.   Settlement**

*Discuss the possibility for prompt, agreed resolution of the case at the Rule 26(f) meeting. State whether the parties are amenable to early mediation or other settlement attempt.*

**Response:**   The parties discussed the possibility of prompt, agreed resolution and are open to mediation and other settlement efforts. The parties anticipate that mediation will be most productive after the Court's rulings on the pending Rule 12 motions, which may narrow the issues.

8.      **Trial**

a.      *Magistrate Judge: Indicate the parties' joint position on referral of this case for all purposes, including trial, to a Magistrate Judge.*

**Response:**  Plaintiff is willing to consent to the referral of this case to the assigned United States Magistrate Judge (the Honorable Richard W. Bennett) for all purposes, including trial, under 28 U.S.C. § 636(c). Defendants do not consent at this time. Because consent under that statute is voluntary and may be withheld without adverse substantive consequences, *see* 28 U.S.C. § 636(c)(1)–(2) and Fed. R. Civ. P. 73(b), and in light of Defendants' pending threshold motions challenging subject-matter jurisdiction, personal jurisdiction, and venue (including but not limited to Legacy Paints, LLC's alternative motion to transfer this action to the District of Kansas) Defendants decline to consent to referral for all purposes pending the Court's resolution of those motions, without prejudice to the parties' ability to revisit the question thereafter.

b.      *Jury Demand: Identify any party that has made a jury demand and whether it was timely.*

**Response:**  Plaintiff demanded a trial by jury in its Original Complaint (ECF 1); Plaintiff asserts the demand was timely under Rule 38.

c.      *Length of trial: Specify the total number of hours it will likely take to present the evidence at trial in this case.*

**Response:**  Plaintiff estimates that the presentation of evidence will require approximately 24–32 hours (about four to five trial days). This estimate is provisional and subject to the Court's rulings on the pending Rule 12 motions and the parties' final claim and defense lineup. Defendants' position is that the presentation of evidence may require less time and may be substantially shorter if the claims are narrowed, dismissed, or transferred. Defendants will provide their

own estimate once the claims and defenses are settled. Defendants do not necessarily disagree but state that, at this juncture, it is not possible to reasonably estimate the total number of hours required given the many pending rulings and potential additional claims that may significantly affect the parameters and scope of this case.

**9.     Other Matters**

*List any other matter that needs to be addressed at the Scheduling Conference.*

**Response:**   (1) Four Rule 12 motions are pending (also including 28 U.S.C. § 1404(a) and Rule 9) (ECF 7–10); the parties agree that discovery, scheduling, and the deadlines proposed herein are subject to the Court's rulings on those motions. (2) The Defendant entity formerly named "Melange Paints, LLC" changed its name to "Legacy Paints, LLC" on April 13, 2026; the caption reflects "n/k/a Legacy Paints, LLC." (3) Defendant Legacy Paints, LLC has moved, in the alternative, to transfer this action to the District of Kansas under 28 U.S.C. § 1404(a) (ECF 10); Plaintiff opposes transfer. (4) The parties acknowledge the Court's pre-motion-conference requirement for discovery and scheduling disputes (ECF 3 ¶ 6).

**10.    Proposed Scheduling Order**

*Complete and attach a joint proposed scheduling order. Use Form 4 on this Court's home page.¹ Clearly indicate any disagreements with reasons in support of the requests made.*

**Response:**   A joint proposed Scheduling Order, using the Court's Form 4, is submitted herewith.

Respectfully submitted,

 /Brandon J. Leavitt/
**Brandon James Leavitt**

**Joint Discovery/Case Management Plan**                              **Page 13 of 14**

Texas Bar No. 24078841
S.D. Tex. Bar No. 3070683
(214) 727-2055
brandon@uslawpros.com
LEAVITT AND ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd., Suite 140
Arlington, Texas 76017
**Attorney-in-Charge for Plaintiff**
**Graebyrd Ventures, LLC**
Dated: June 18, 2026


  /Phillip D. Racusin/ (by permission)
**Philip D. Racusin**
Texas Bar No. 24054267
Simon W. Hendershot, III — Texas Bar No. 09417200
Sarah C. Caton — Texas Bar No. 24133625
HENDERSHOT COWART P.C.
1800 Bering Drive, Suite 600
Houston, Texas 77057
(713) 783-3110 | Fax (713) 783-2809
pracusin@hchlawyers.com

E-Service: eservice@hchlawyers.com
pracusin@hchlawyers.com
scaton@hchlawyers.com
**Attorney-in-Charge for Defendants**
**Karie Bogart and Legacy Paints, LLC**
Dated: June 18, 2026


## CERTIFICATE OF SERVICE

By my signature above, I Brandon Leavitt hereby certify that on the date of filing, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve notice on all counsel of record.