**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRAEBYRD VENTURES, LLC,** | § | |
| Plaintiff, | § | |
| *versus* | § | **Case No. 4:26-cv-03062** |
| **KARIE BOGART AND** | § | |
| **MELANGE PAINTS, LLC** | § | |
| **(N/K/A LEGACY PAINTS, LLC),** | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANTS' JOINT RULE 12(B)(1)
MOTION TO DISMISS FOR LACK OF STANDING (ECF 7)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Graebyrd Ventures, LLC files this Answer in Opposition to Defendants'

Joint Rule 12(b)(1) Motion to Dismiss for Lack of Standing (ECF 7) and respectfully

shows that the Motion should be denied.

TABLE OF CONTENTS

**I.    Nature and Stage of the Proceeding**.....................................................................1

**II.    Introduction**.................................................................................................................1

**III.    Statement of Facts**....................................................................................................2

**IV.    Statement of the Issues**.............................................................................................2

**V.    Standard of Review**...................................................................................................3

**VI.    Summary of the Argument**.......................................................................................3

**VII.    Argument and Authorities**.....................................................................................4

    A.    Standing Is Measured When Suit Was Filed, and the Complaint Alleges Graebyrd Held the Assigned Claims by Then..............................................4

    B.    A Facial Attack Cannot Resolve the Merits Question of Ownership Against Plaintiff......................................................................................................5

    C.    The Complaint Pleads an Express Assignment of Accrued Causes of Action...........................................................................................................6

    D.    Assignee Standing Is Settled Article III Law — Sprint Confirms It.............7

    E.    The Trade-Secret Counts Plead Present Ownership and Continuing Misappropriation.........................................................................................8

    F.    The Lanham Count Is Pleaded Under Section 43(a), Not Section 32...........9

    G.    The Anti-Assignment Clauses Do Not Bar Plaintiff's Chain, and the APA Is Not Before the Court..................................................................................9

    H.    Rule 17 and the Timing Innuendo Do Not Support Dismissal....................10

**VIII.    Conclusion and Prayer**.........................................................................................11

## TABLE OF AUTHORITIES

### UNITED STATES SUPREME COURT CASES

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167 (2000)................................................................................................4

*Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 572 U.S. 118 (2014).........9

*Lujan v. Defs. of Wildlife,* 504 U.S. 555 (1992).........................................................4

*Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016).............................................................4

*Sprint Commc'ns Co. v. APCC Servs., Inc.,* 554 U.S. 269 (2008)...........................7

### FEDERAL CASES

*Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir. 2000)....................3

*Keller Founds., Inc. v. Wausau Underwriters Ins. Co.,* 626 F.3d 871 (5th Cir. 2010)......................................................................................................6

*Ramming v. United States,* 281 F.3d 158 (5th Cir. 2001).........................................3

*Snyder v. Beam Techs., Inc.,* 147 F.4th 1246 (10th Cir. 2025)................................8

*Wieburg v. GTE Sw. Inc.,* 272 F.3d 302 (5th Cir. 2001)........................................10

*Williamson v. Tucker,* 645 F.2d 404 (5th Cir. 1981)................................................1

### STATE CASES

*Tex. Farmers Ins. Co. v. Gerdes,* 880 S.W.2d 215 (Tex. App.—Fort Worth 1994, writ denied)................................................................................................6

### FEDERAL STATUTES

15 U.S.C. § 1060...........................................................................................................9

15 U.S.C. § 1114...........................................................................................................9

15 U.S.C. § 1125(a).......................................................................................................9

18 U.S.C. § 1836...........................................................................................................8

18 U.S.C. § 1839...........................................................................................................8

STATE STATUTES

Tex. Civ. Prac. & Rem. Code § 134A.002..................................................................8

Tex. Prop. Code § 12.014...........................................................................................7

RULES

Fed. R. Civ. P. 8.........................................................................................................1

Fed. R. Civ. P. 12(b)(1)..............................................................................................1

Fed. R. Civ. P. 12(b)(6)..............................................................................................3

Fed. R. Civ. P. 17(a)................................................................................................10

Fed. R. Civ. P. 56.......................................................................................................3

## I.　NATURE AND STAGE OF THE PROCEEDING

1.　　Defendants move before answering and before any discovery. Their Motion is, by its own description, a facial attack: it argues that "Plaintiff's own allegations defeat standing" and that "[t]he standing defect is established by the dates Plaintiff itself pleads." ECF 7 at 13, 7. On a facial attack, the Court takes the Complaint's well-pleaded allegations as true. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

## II.　INTRODUCTION

2.　　The Motion fails on its own terms. Standing is measured when suit is filed, and Graebyrd filed on April 16, 2026. ECF 1. By that date — indeed, eight days earlier — Mélange had assigned to Graebyrd "all remaining assets, contractual rights, trade secrets, causes of action, and claims related to the Mélange Paints business," expressly "including … all claims for breach of the Agreement, … all claims for trade secret misappropriation, and all claims for unfair competition and false designation of origin." ECF 1 ¶ 28; *see also id*. ¶ 7. Taken as true, as it must be, that allegation establishes that Graebyrd held the assigned causes of action before it sued. That is standing.

3.　　Defendants' contrary position depends on three moves the Court should reject at the threshold: (i) recasting a facial attack as a license to disbelieve the Complaint's assignment allegations; (ii) demanding that Plaintiff "attach" or "quote" the operative instruments — a requirement found nowhere in Rule 8; and (iii) importing the January 14, 2026 Asset Purchase Agreement, a contract the Complaint never mentions

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)　　　Page 1 of 12**

and that governs a different, failed transaction, to manufacture an anti-assignment defense. None supports dismissal.

## III.   STATEMENT OF FACTS

4.      The following well-pleaded allegations are taken as true on this facial motion. Mélange Paints LLC owned the Mélange Paints business and its trade secrets, and Ryan Schaub individually owned U.S. Trademark Registration No. 6,835,638. ECF 1 ¶¶ 5, 25. On March 19, 2026, Schaub transferred the business to Morgan Marchingo and assigned the trademark and associated rights to Graebyrd. ECF 1 ¶¶ 6, 26–27. Effective April 8, 2026, Mélange assigned to Graebyrd "all remaining assets, contractual rights, trade secrets, causes of action, and claims related to the Mélange Paints business," expressly including all claims for breach of the Confidentiality Agreement, for trade-secret misappropriation, and for unfair competition and false designation of origin. ECF 1 ¶¶ 7, 28. Graebyrd filed this action on April 16, 2026. ECF 1. Defendants' alleged misappropriation began in late 2025 and continues "through the present." ECF 1 ¶¶ 29, 45, 51.

## IV.   STATEMENT OF THE ISSUES

5.      Whether the Complaint adequately alleges Article III standing where, taken as true, it pleads that Graebyrd held the assigned causes of action — by an express, written assignment of all of its causes of action — before it filed suit, and where the misappropriation is alleged to be continuing.

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)**          **Page 2 of 12**

## V.    STANDARD OF REVIEW

6.    A Rule 12(b)(1) motion may present a "facial" or a "factual" attack. *Williamson*, 645 F.2d at 412–13. Defendants present a facial attack: they rest on "the Complaint's own chronology" and "the dates Plaintiff itself pleads," not on controverting evidence. ECF 7 at 7. On a facial attack, the Court must accept the Complaint's allegations as true, and Plaintiff's burden mirrors Rule 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

7.    Where a Rule 12(b)(1) challenge to standing is intertwined with the merits — because the contested fact (here, ownership of the assigned claims) is also an element of the claims — the Court assumes jurisdiction exists and resolves the issue under Rule 12(b)(6) or Rule 56, drawing disputed facts in the plaintiff's favor. *Williamson*, 645 F.2d at 415–16. Ownership of the assigned claims is the merits of this case; it cannot be resolved against Plaintiff on a facial motion.

8.    The Court may consider documents referenced in and central to the Complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). It may not resolve contested facts on documents the Complaint does not reference, nor convert a facial motion into a factual one by attaching a contract from a separate transaction.

## VI.    SUMMARY OF THE ARGUMENT

9.    Standing is tested as of the filing date, and the Complaint alleges Graebyrd already held the assigned claims by then. ECF 1 ¶¶ 7, 28. The pleaded express

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)        Page 3 of 12**

conveyance of causes of action satisfies the pleading-stage version of the very Texas rule

Defendants invoke. The Supreme Court has squarely held that the assignee of a legal

claim has Article III standing — in Defendants' own lead authority, *Sprint*. The trade-

secret counts allege that Graebyrd owns the secrets today and that the wrongdoing is

ongoing. Count IV arises under Section 43(a), not Section 32, so Defendants' registrant

and recordation arguments answer a claim no one has pleaded. The contractual anti-

assignment clauses reach only the Recipient's rights and a separate, failed contract the

Complaint never mentions. And Rule 17 confirms that Graebyrd, as assignee, is the real

party in interest.

### VII.    ARGUMENT AND AUTHORITIES

#### A.    Standing Is Measured When Suit Was Filed, and the Complaint Alleges Graebyrd Held the Assigned Claims by Then.

10.    Standing is assessed "at the time the lawsuit is filed." *Lujan v. Defs. of*

*Wildlife*, 504 U.S. 555, 560–61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*

*(TOC), Inc.*, 528 U.S. 167, 189 (2000); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)

— all authorities Defendants cite. Graebyrd filed on April 16, 2026. ECF 1. The

operative question is therefore whether, on that date, Graebyrd held an injury-in-fact

traceable to Defendants and redressable by the Court. It did: by then it held, by

assignment, the very causes of action it asserts.

11.    The Complaint so alleges, twice. Paragraph 7 alleges that, "[e]ffective April

8, 2026, Mélange assigned to Graebyrd all remaining assets, contractual rights, trade

secrets, causes of action, and claims related to the Mélange Paints business, including all

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)**        **Page 4 of 12**

rights under the … Agreement." Paragraph 28 specifies that the conveyance "includ[ed] … all claims for breach of the Agreement, … all claims for trade secret misappropriation, and all claims for unfair competition and false designation of origin." On a facial attack those allegations are true, and they establish that the assignee — Graebyrd — owned the claims when it sued.

12.     Defendants' refrain that "any injury was suffered by [the predecessor]" (ECF 7 at 13–15) confuses who was originally injured with who owns the claim now. An assignee sues on an injury its assignor suffered; that is what an assignment of a cause of action does. The question for standing is whether the plaintiff holds the claim at filing — and the Complaint alleges Graebyrd does.

**B.     A Facial Attack Cannot Resolve the Merits Question of Ownership Against Plaintiff.**

13.     Defendants rest their Motion on "Plaintiff's own allegations" (ECF 7 at 13) — a facial attack — yet they ask the Court to disbelieve those allegations and to find, as fact, that the assignments did not transfer the accrued claims. That is not a facial attack; it is a merits determination dressed as a jurisdictional one.

14.     Where the jurisdictional question and the merits are intertwined, the Fifth Circuit forbids that maneuver: the Court assumes jurisdiction and tests the claim under Rule 12(b)(6) or Rule 56, with disputed facts resolved for the plaintiff. *Williamson*, 645 F.2d at 415. Ownership of the assigned claims is an element of every count; it is the merits. The Court should decline to resolve it on a facial 12(b)(1) motion and, to the

extent Defendants press their alternative under Rule 12(b)(6), should accept the Complaint's ownership allegations as true.

15. Defendants' demand that Plaintiff "attach" the instruments or "plead the operative language" of each assignment (ECF 7 at 15–17) has no basis in Rule 8. Notice pleading does not require a plaintiff to attach its contracts or quote their terms; it requires a plausible factual allegation, which paragraphs 7 and 28 supply. Defendants cite no authority imposing an "attach-the-instrument" rule at the pleading stage.

### C. The Complaint Pleads an Express Assignment of Accrued Causes of Action.

16. Defendants concede that "causes of action are generally assignable in Texas." ECF 7 at 6, 13. Their only Texas-law objection is that accrued claims must be expressly assigned and do not pass "automatically" with a transfer of assets. The Complaint satisfies that rule on its face: it alleges an express assignment of "all … causes of action," itemized by claim type. ECF 1 ¶ 28.

17. Defendants' own authorities do not require more at the pleading stage. Whatever *Keller Foundations* ultimately says about the enforceability of an assignment under Texas law, it imposes no pleading rule requiring a plaintiff to attach its assignment instruments or quote them verbatim. *Keller Founds., Inc. v. Wausau Underwriters Ins. Co.*, 626 F.3d 871 (5th Cir. 2010). And *Gerdes* requires only proof "that a cause of action existed that was capable of assignment and that the cause was in fact assigned" — both of which the Complaint alleges. *Tex. Farmers Ins. Co. v. Gerdes*, 880 S.W.2d 215, 217

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)** **Page 6 of 12**

(Tex. App.—Fort Worth 1994, writ denied). Whether the instrument ultimately reads as pleaded is a merits question; for now the allegation controls.

18.     Texas Property Code § 12.014, on which Defendants rely, requires only that a transfer of an interest in a cause of action be "in writing." The Complaint alleges a written instrument — the April 8, 2026 Assignment of Interest. ECF 1 ¶¶ 7, 28. Nothing more is required to plead standing.

**D.     Assignee Standing is Settled Article III Law — Sprint Confirms It.**

19.     Defendants' lead Supreme Court authority defeats their own argument. In *Sprint Communications Co. v. APCC Services, Inc.,* the Court held that the assignee of a legal claim has Article III standing to sue in its own name — even where the assignee had promised to remit the proceeds to the assignor. 554 U.S. 269, 271, 285–87 (2008). Assignment of a claim carries standing with it. Graebyrd, the pleaded assignee, has standing.

20.     Defendants' gloss — that *Sprint* permits assignee suit "only where the assignment is express, complete, and unconditional" (ECF 7 at 15) — restates the merits question (was the assignment effective?), not an Article III defect. And the Complaint alleges precisely such an assignment: an express, itemized conveyance of "all … causes of action." ECF 1 ¶ 28.

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)          Page 7 of 12**

**E.    The Trade-Secret Counts Plead Present Ownership and Continuing Misappropriation.**

21.    Defendants argue that the DTSA and TUTSA confine suit to the "owner" at the moment of misappropriation and bar a "post-misappropriation assignee." The argument fails three times over.

22.    First, Defendants concede the Fifth Circuit "has not squarely resolved the point" (ECF 7 at 7, 17–18) and rest on a nonbinding Tenth Circuit decision, *Snyder*, and an out-of-district trial-court order. *Snyder v. Beam Technologies, Inc.*, 147 F.4th 1246, 1253–57 (10th Cir. 2025), does not warrant dismissal here, because the Complaint pleads both assigned accrued claims and continuing post-assignment misappropriation; no Fifth Circuit case holds that accrued DTSA or TUTSA claims are categorically unassignable, and the Texas rule Defendants invoke makes such claims assignable when expressly conveyed — as alleged.

23.    Second, the Complaint pleads present ownership: Graebyrd owns the trade secrets now. ECF 1 ¶¶ 2, 7, 28. The DTSA authorizes suit by "an owner of a trade secret that is misappropriated," 18 U.S.C. § 1836(b)(1), and defines an "owner" as the person or entity in whom "rightful legal or equitable title to, or license in," the trade secret is reposed. *Id.* at § 1839(4). TUTSA is materially identical. Tex. Civ. Prac. & Rem. Code § 134A.002. Each reaches the rightful holder by assignment.

24.    Third, the misappropriation is alleged to be continuing. The Complaint alleges Defendants' misconduct began "in or around late 2025 and continuing through the present" (ECF 1 ¶ 29), and that the Kansas Entity "is the vehicle through which the

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)**       **Page 8 of 12**

misappropriated trade secrets are being commercially exploited" — in the present tense. *Id.* ¶¶ 45, 51. Misappropriation that continues after April 8, 2026 is misappropriation of trade secrets Graebyrd then owned. Even on Defendants' "owner-at-misappropriation" reading, Graebyrd has standing for the ongoing conduct.

**F.      The Lanham Count Is Pleaded Under Section 43(a), Not Section 32.**

25.      Defendants devote a section to Lanham Act § 32, 15 U.S.C. § 1114, its "registrant" requirement, and § 1060 recordation. ECF 7 at 19–20. But the Complaint pleads no § 32 claim. Count IV arises under § 43(a), 15 U.S.C. § 1125(a) (ECF 1 ¶¶ 54–60), which protects against false designation of origin and does not require registration at all. Defendants' § 32 and recordation arguments attack a claim Plaintiff does not assert.

26.      Under § 43(a), standing is governed by the zone-of-interests and proximate-cause framework of *Lexmark* — again Defendants' own authority. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–34 (2014). A commercial actor whose sales and business goodwill are harmed by a competitor's false designation of origin falls squarely within that zone. Graebyrd, the pleaded owner of the Mélange Paints business, mark, and goodwill (ECF 1 ¶¶ 2, 6, 27, 55), is such an actor. And Defendants concede recordation under § 1060 "may not be jurisdictional" (ECF 7 at 20); it is not a prerequisite to standing or to suit.

**G.      The Anti-Assignment Clauses do not Bar Plaintiff's Chain, and the APA is not Before the Court.**

27.      Defendants invoke NDA § 15 and APA § 8.5 to argue the assignments are "void." Neither helps them on the pleadings.

28.    The NDA bars assignment of only "the rights and obligations of Recipient" — that is, Bogart's rights as the Recipient. Confidentiality Agreement § 15 (Defs.' Ex. 3, ECF No. 7-4). Plaintiff does not claim Bogart's rights; it holds the Owner's right to enforce the NDA, expressly assigned by Mélange. ECF 1 ¶¶ 7, 28, 38. Section 15 says nothing about the Owner's ability to assign its own enforcement rights.

29.    The APA is not properly before the Court. The Complaint never mentions the January 14, 2026 Asset Purchase Agreement ("APA"); it is neither referenced in nor central to the Complaint and therefore cannot be considered on a facial Rule 12 motion. *Collins*, 224 F.3d at 498–99. In any event, the APA governs a different transaction — the failed Bogart purchase, in which Mélange was Seller and the Kansas Entity was Buyer — not Plaintiff's separate Schaub-to-Marchingo-to-Graebyrd chain. An anti-assignment clause in a contract cannot void instruments to which it does not apply. At most, Defendants raise a fact dispute about the documents' scope, which cannot be resolved against Plaintiff now.

### H.    Rule 17 and the Timing Innuendo do not Support Dismissal.

30.    Defendants are correct that Rule 17(a) does not manufacture Article III standing (ECF 7 at 22) — but that is beside the point, because the Complaint's allegations supply standing independently. Rule 17 confirms that Graebyrd is the real party in interest as assignee. *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001).

31.    Defendants' suggestion that Graebyrd's 2023 formation implies "strategic pre-positioning" (ECF 7 at 7, 16) is innuendo, not a jurisdictional defect. When a plaintiff acquired the claim is irrelevant so long as it held the claim at filing — which the

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)        Page 10 of 12**

Complaint alleges. That argument, like the rest of the Motion, asks the Court to weigh facts on a facial motion. It should decline.

## VIII.    CONCLUSION AND PRAYER

32.    For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Rule 12(b)(1) Motion in its entirety and deny the alternative request for dismissal under Rule 12(b)(6) on the same ownership theory. To the extent the Court perceives any chain-of-title pleading deficiency, the proper course is leave to amend or ratification under Rule 17(a), not jurisdictional dismissal. Plaintiff requests all other relief to which it is entitled.

Respectfully submitted,

  /Brandon J. Leavitt/
**Brandon James Leavitt**
Texas Bar No: 24078841
TXSD Bar No: 3070683
(214) 727-2055
brandon@uslawpros.com

LEAVITT AND ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd. Suite 140
Arlington, TX 76017
**Attorney-in-charge for:**
Plaintiff Graebyrd Ventures LLC

### CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation of the Court's Procedures. Exclusive of the caption, table of contents, table of authorities, signature block, and certificates, this document contains **2610** words as counted by the

**Plaintiff's Answer to Defendants' Rule 12(b)(1) Motion (ECF 7)**        **Page 11 of 12**

word-processing system used to prepare it, which is fewer than the 5,000 words permitted.

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.