**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRAEBYRD VENTURES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | |
| | § | |
| **KARIE BOGART and** | § | **Case No. 4:26-cv-03062** |
| **MELANGE PAINTS, LLC** | § | |
| **(n/k/a LEGACY PAINTS, LLC),** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANTS' RULE 12(B)(6) AND RULE 9(B)
MOTION TO DISMISS AND, ALTERNATIVELY, MOTION FOR A MORE DEFINITE
STATEMENT (ECF 8)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Graebyrd Ventures, LLC files this Answer in Opposition to Defendants'

Rule 12(b)(6) and Rule 9(b) Motion to Dismiss and, alternatively, Motion for a More

Definite Statement (ECF 8), and respectfully shows that the Motion should be denied.

TABLE OF CONTENTS

I.      Nature and Stage of the Proceeding.........................................................................1

II.     Introduction...............................................................................................................1

III.    Statement of Facts.....................................................................................................2

IV.     Statement of the Issues.............................................................................................2

V.      Standard of Review...................................................................................................3

VI.     Summary of the Argument........................................................................................3

VII.    Argument and Authorities.........................................................................................4

        A.      The Motion Asks the Court to Decide Fact Disputes and to Read an
                Extrinsic Contract Into the Complaint — Both Improper Under Rule 12(b)
                (6)..................................................................................................................4

        B.      Count I States a Claim for Breach of the Confidentiality Agreement...........5

        C.      Counts II and III State Claims Under TUTSA and the DTSA......................6

        D.      Count IV States a Claim Under Lanham Act Section 43(a).........................8

        E.      Count V Is Properly Pleaded in the Alternative...........................................9

        F.      The Complaint Differentiates the Two Defendants; There Is No Improper
                Group Pleading...........................................................................................10

        G.      Rule 9(b) Does Not Apply Because No Fraud Is Pleaded...........................10

        H.      The Alternative Motion for a More Definite Statement Should Be Denied.
                .....................................................................................................................11

VIII.   Conclusion and Prayer............................................................................................11

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)........................................................................1

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)........................................................1

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.,* 543 U.S. 111 (2004)..9

**FEDERAL CASES**

*Bd. of Supervisors for La. State Univ. v. Smack Apparel Co.,* 550 F.3d 465 (5th
    Cir. 2008)..............................................................................................................8

*CAE Integrated, L.L.C. v. Moov Techs., Inc.,* 44 F.4th 257 (5th Cir. 2022).............6

*Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir. 2000)....................3

*United States ex rel. Grubbs v. Kanneganti,* 565 F.3d 180 (5th Cir. 2009)...........10

*Mullins v. TestAmerica, Inc.,* 564 F.3d 386 (5th Cir. 2009)......................................5

*Topstone Commc'ns, Inc. v. Xu,* 729 F. Supp. 3d 701 (S.D. Tex. 2024)..................7

*Williams v. Wells Fargo Bank, N.A.,* 560 F. App'x 233 (5th Cir. 2014)..................5

*Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221 (5th Cir. 2009)...........8

**STATE CASES**

*Phillips v. Carlton Energy Grp., LLC,* 475 S.W.3d 265 (Tex. 2015)........................6

**FEDERAL STATUTES**

15 U.S.C. § 1125(a)......................................................................................................8

15 U.S.C. § 1094...........................................................................................................8

18 U.S.C. § 1839...........................................................................................................6

**STATE STATUTES**

Tex. Civ. Prac. & Rem. Code § 134A.002...................................................................6

Tex. Civ. Prac. & Rem. Code § 134A.007...................................................................9

**RULES**

Fed. R. Civ. P. 8.............................................................................................................6

Fed. R. Civ. P. 9(b)........................................................................................................2

Fed. R. Civ. P. 12(b)(6)..................................................................................................1

Fed. R. Civ. P. 12(e)......................................................................................................2

## I.    NATURE AND STAGE OF THE PROCEEDING

1.    Defendants move to dismiss the Original Complaint before answering. The Complaint spans eighteen pages and sixty-five paragraphs and pleads five counts with detailed factual allegations. Defendants' own twenty-nine-page, count-by-count Motion engages those allegations in granular detail — which itself defeats the alternative request for a more definite statement.

## II.    INTRODUCTION

2.    Rule 12(b)(6) tests the sufficiency of the pleading, not the strength of the evidence. The Court accepts the Complaint's well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint clears that bar on every count.

3.    Defendants' Motion does not. It repeatedly asks the Court to do three things Rule 12(b)(6) forbids: to weigh contested facts (whether information was "publicly available," whether confusion is "likely," whether damages are "speculative"); to import an extrinsic contract — the January 14, 2026 Asset Purchase Agreement the Complaint never mentions — and read it against the pleading; and to apply trial-stage burdens of proof at the threshold. Stripped of those improper moves, the Motion identifies no missing element of any claim.

## III.    STATEMENT OF FACTS

4.    On this motion the Complaint's well-pleaded facts are taken as true. Bogart, a former authorized Mélange retailer, signed a Confidentiality Agreement with Mélange on October 21, 2025, agreeing to hold Mélange's confidential information in confidence (§ 3), to use it solely to evaluate a possible transaction (§ 8), and not to use it to develop a competing or similar product (§ 9). ECF 1 ¶¶ 20–24. While still receiving that information during diligence, Bogart formed a Kansas entity under the identical "Melange Paints" name on January 14, 2026; sourced from Mélange's Houston supplier representative; adopted the "ONE"/"Legacy ONE" identifier; copied Mélange's jar, white-lid, and label trade dress; recruited Mélange's affiliates; and timed a competing launch to Mélange's restructuring. ECF 1 ¶¶ 9, 30–35. Consumers contacted Mélange believing Defendants' products were affiliated. ECF 1 ¶ 58. The Complaint identifies Plaintiff's trade secrets and the measures taken to keep them secret. ECF 1 ¶¶ 16–19.

## IV.    STATEMENT OF THE ISSUES

5.    Whether the Complaint states a claim for breach of the Confidentiality Agreement (Count I), trade-secret misappropriation under TUTSA and the DTSA (Counts II–III), false designation of origin under Lanham Act § 43(a) (Count IV), and common-law unfair competition pleaded in the alternative (Count V); and whether Rule 9(b) or Rule 12(e) warrants dismissal or a more definite statement.

## V.    STANDARD OF REVIEW

6.    To survive dismissal, a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility "is not akin to a probability requirement." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. The question is not whether the plaintiff will ultimately prevail, but whether it has stated a claim.

7.    On a Rule 12(b)(6) motion the Court may consider only the Complaint and documents that are both referred to in it and central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). It may not resolve factual disputes, weigh competing inferences, or consider extrinsic evidence — including a contract the Complaint does not reference. Matters such as secondary meaning, likelihood of confusion, the secrecy of information, and the amount of damages are quintessential fact questions not resolvable on the pleadings.

## VI.    SUMMARY OF THE ARGUMENT

8.    Each count is adequately pleaded. Count I identifies the contractual provisions breached, the protected information, the breaching conduct, and resulting damages. Counts II and III identify the trade secrets as a protected compilation, plead reasonable secrecy measures, and allege use in breach of a known confidentiality duty — statutory misappropriation. Count IV pleads a descriptive mark with secondary meaning and a likelihood of confusion arising from a nearly identical name and trade dress;

**Plaintiff's Answer to Defendants' Rule 12(b)(6) Motion (ECF 8)        Page 3 of 12**

whether confusion is likely is a fact question, and descriptive fair use is an affirmative defense Defendants cannot win on the pleadings. Count V is pleaded in the alternative for conduct not displaced by TUTSA. The Complaint differentiates the two Defendants through its alter-ego allegations, no fraud claim triggers Rule 9(b), and the detailed Complaint forecloses a more definite statement.

## VII.    ARGUMENT AND AUTHORITIES

### A.    The Motion Asks the Court to Decide Fact Disputes and to Read an Extrinsic Contract Into the Complaint — Both Improper Under Rule 12(b)(6).

9.    Two threshold defects run through the Motion. First, Defendants rely on the January 14, 2026 Asset Purchase Agreement ("APA") — quoting its §§ 1.3, 8.2, and 8.5 — to argue corporate separateness, good-faith adoption, and non-liability. But the Complaint never mentions the APA. A document that is neither referenced in nor central to the Complaint cannot be considered on a Rule 12(b)(6) motion. *Collins*, 224 F.3d at 498–99. Defendants' assertion that the APA is "referred to throughout the Complaint" (ECF 8 at 8) is simply incorrect; the pleading refers to the NDA and the assignment instruments, not the APA. The Court should disregard the APA and the arguments built on it. In all events, even if the APA were considered, it governs the failed Bogart–Kansas purchase — not Plaintiff's separate Schaub-to-Marchingo-to-Graebyrd chain — and its liability and good-faith provisions resolve nothing about the claims actually pleaded.

10.    Second, the Motion is shot through with factual assertions found nowhere in the Complaint — that the relevant bases were "commercially available Behr products,"

that the information was "publicly available," that the renaming was an innocent "return to the status quo ante." The Complaint pleads the opposite, and on Rule 12(b)(6) the Complaint controls. Whether information is publicly available or readily ascertainable is a fact question that cannot be decided against Plaintiff at the pleading stage.

**B.      Count I States a Claim for Breach of the Confidentiality Agreement.**

11.     A Texas breach-of-contract claim requires a valid contract, performance, breach, and resulting damages. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). The Complaint pleads each.

12.     Defendants say the Complaint does not identify the provision breached. It does. The Complaint alleges that Bogart agreed to hold Confidential Information in confidence (NDA § 3), to use it solely to evaluate the transaction (NDA § 8), and not to use it to develop a competing or similar product (NDA § 9), and that she breached each. ECF 1 ¶¶ 23, 39–40. That satisfies *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014), on which Defendants rely. The Complaint also identifies the protected information — formulations and the specific bases and chemical modifications, the cultivated Houston supplier representative and sourcing network, pricing and volume terms, and the "ONE" line architecture. ECF 1 ¶¶ 16–17, 22.

13.     Defendants' contention that the information falls within the NDA's exclusions, or that oral disclosures were not confirmed in writing within five days, depends on facts outside the Complaint and on the NDA's application to disputed facts — neither proper on Rule 12(b)(6). The five-day requirement by its terms governs only oral disclosures, and the Complaint does not limit the protected disclosures to oral

**Plaintiff's Answer to Defendants' Rule 12(b)(6) Motion (ECF 8)           Page 5 of 12**

statements. Whether any particular disclosure was oral, written, confirmed, excluded, or protected is a contract-application fact question that cannot be resolved on the pleadings.

14.     Finally, the Complaint pleads damages — lost profits, lost customer relationships, harm to competitive position, and diminution in the value of the trade secrets. ECF 1 ¶ 42. Defendants' demand for "objective facts, figures, or data" invokes the trial-stage proof standard of *Phillips v. Carlton Energy Group, LLC,* 475 S.W.3d 265, 278–79 (Tex. 2015) — a sufficiency-of-the-evidence case, not a pleading case. Rule 8 does not require a plaintiff to quantify or itemize damages in the complaint.

### C.     Counts II and III State Claims Under TUTSA and the DTSA.

15.     The Complaint identifies the trade secrets with reasonable particularity. It does not, as Defendants suggest, rest on bare "categories." It pleads the specific bases selected from among many alternatives, the confidential chemical alterations applied to them, the identity and cultivated relationship with a dedicated Houston supplier representative and downstream network, pricing and volume terms, and a rebranding and repackaging methodology — and it pleads that the combination is not generally known or readily ascertainable. ECF 1 ¶¶ 16–17. A trade secret may consist of a combination or compilation whose individual elements are public; the statutes so provide. 18 U.S.C. § 1839(3); Tex. Civ. Prac. & Rem. Code § 134A.002(6). A plaintiff need not plead the secret itself, which would destroy it.

16.     Defendants' authorities do not require more at the pleading stage. *CAE Integrated, L.L.C. v. Moov Technologies, Inc.,* 44 F.4th 257 (5th Cir. 2022), was an appeal from the denial of a preliminary injunction decided on an evidentiary record —

not a Rule 12 dismissal. And the Complaint satisfies reasonable particularity even if that standard applies at the pleading stage. Unlike the bare categories found insufficient in *Topstone Communications, Inc. v. Xu*, 729 F. Supp. 3d 701 (S.D. Tex. 2024), the Complaint identifies the protected combination: the selected bases, the confidential chemical alterations, the cultivated Houston supplier channel, the pricing and volume terms, and the rebranding and repackaging methodology. Defendants' demand for the actual formula or the contents of confidential documents would require Plaintiff to disclose the secret in its pleading — which the law does not require.

17.     The Complaint pleads reasonable secrecy measures: Mélange required Bogart to sign the NDA before any disclosure, limited the information to a need-to-know basis, did not disseminate it beyond Bogart as the prospective purchaser, and maintained a limited supplier channel that Bogart had no prior access to. ECF 1 ¶ 19. That is more than "an NDA alone," and in all events the reasonableness of secrecy measures is a fact question, not a pleading defect.

18.     The Complaint pleads actionable misappropriation. Misappropriation does not require theft, hacking, or improper acquisition: it is equally established by the use or disclosure of a trade secret, without consent, by a person who at the time of use knew or had reason to know that her knowledge of it was acquired under circumstances giving rise to a duty to maintain its secrecy. 18 U.S.C. § 1839(5); Tex. Civ. Prac. & Rem. Code § 134A.002(3). The Complaint alleges exactly that: Bogart obtained the information under the NDA's confidentiality duty and then used it — to source from the same Houston representative, to launch a competing all-in-one line, and to form a competing

**Plaintiff's Answer to Defendants' Rule 12(b)(6) Motion (ECF 8)        Page 7 of 12**

entity under Mélange's name. ECF 1 ¶¶ 31–35, 45, 51. Plaintiff was not required to plead stolen files or hacking to state a claim, and this is not "ordinary competition." Defendants' reliance on APA § 1.3 to immunize the Kansas Entity again depends on a contract outside the Complaint and, in any event, on a deal that never closed. Damages, as with Count I, need not be quantified at the pleading stage.

### D.      Count IV States a Claim Under Lanham Act Section 43(a).

19.      Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), protects against false designation of origin and does not require federal registration at all. That the MÉLANGE PAINTS mark sits on the Supplemental Register means only that it carries no presumption of validity, 15 U.S.C. § 1094, and that secondary meaning must be shown — not that the claim fails. The Complaint pleads secondary meaning: more than five years of continuous and substantially exclusive use, advertising, sales, and consumer recognition identifying Mélange as the single source. ECF 1 ¶¶ 15, 55. Secondary meaning is a question of fact unsuited to Rule 12(b)(6).

20.      Likelihood of confusion is likewise a fact-intensive inquiry under the Fifth Circuit's digits-of-confusion test. *Bd. of Supervisors for La. State Univ. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009). The Complaint alleges a name differing from the registered mark only by the omission of the acute accent — "unlikely to be noted, pronounced, or recognized by ordinary consumers" — together with substantially identical jar styling, white lids, and label design, the shared "ONE" identifier, and actual confusion in the form of consumers contacting Mélange believing Defendants' products

were affiliated. ECF 1 ¶¶ 33, 57–58. Those allegations plausibly plead confusion; whether confusion is ultimately likely is for a later stage.

21.     Descriptive fair use cannot carry the Motion. It is an affirmative defense on which the defendant bears the burden, and a plaintiff need not negate it to state a claim. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118–23 (2004). It may justify dismissal only if established on the face of the Complaint — and it is not, because the Complaint alleges that Defendants used the whole "Melange Paints" name and "Legacy ONE" as source identifiers, not merely to describe a product feature. ECF 1 ¶¶ 30, 32, 57. In all events, Count IV does not turn on exclusive rights in "ONE" standing alone; the principal confusion theory is Defendants' use of the identical or nearly identical Mélange/Melange Paints source identity, reinforced by similar product presentation and the "ONE" line identifier.

### E.     Count V Is Properly Pleaded in the Alternative.

22.     Count V is expressly pleaded "in the alternative" and reaches only conduct "not displaced by TUTSA" — passing off and trade-dress confusion arising from the identical trade name and packaging. ECF 1 ¶¶ 61–63. A plaintiff may plead alternative and even inconsistent theories. Fed. R. Civ. P. 8(d)(2)–(3). TUTSA displaces only conflicting civil remedies for the misappropriation of a trade secret, Tex. Civ. Prac. & Rem. Code § 134A.007(a); it does not displace unfair-competition claims that do not depend on proving a trade secret. Count V therefore survives at least to the extent it rests on passing off, confusing trade-name use, trade-dress marketplace confusion, and similar conduct independent of trade-secret misuse. Because Plaintiff has cabined Count V to the

**Plaintiff's Answer to Defendants' Rule 12(b)(6) Motion (ECF 8)**          **Page 9 of 12**

alternative, there is nothing to dismiss now; if the Court later finds particular conduct displaced, Count V simply yields to the statutory claims to that extent.

### F.    The Complaint Differentiates the Two Defendants; There Is No Improper Group Pleading.

23.    The Complaint does not lump Defendants together indiscriminately. It alleges that Bogart is the NDA signatory and the actor who acquired and used the confidential information, and that she formed the Kansas Entity during the NDA period as her alter ego and "the vehicle through which she is commercially exploiting" the misappropriated information. ECF 1 ¶¶ 9, 30, 45, 51. Those alter-ego allegations, taken as true, justify treating the Entity's conduct as Bogart's and supply fair notice of each Defendant's role. Defendants' contrary argument rests on APA § 1.3 — again, a contract outside the Complaint.

### G.    Rule 9(b) Does Not Apply Because No Fraud Is Pleaded.

24.    The Complaint pleads no claim for fraud. Breach of contract, trade-secret misappropriation, and false designation of origin do not sound in fraud, and Rule 9(b) does not govern them. *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185–86 (5th Cir. 2009). Allegations of willful and malicious conduct invoke states of mind that Rule 9(b) permits to be "alleged generally." Fed. R. Civ. P. 9(b). In any event, the who, what, when, where, and how are pleaded: Bogart, using NDA-obtained information, sourced from the Houston representative, formed the Kansas Entity on January 14, 2026 under Mélange's name, and launched "Legacy ONE." ECF 1 ¶¶ 9, 30–35.

**H.  The Alternative Motion for a More Definite Statement Should Be Denied.**

25.  A Rule 12(e) motion is disfavored and reserved for a pleading "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Complaint is neither. Defendants' ability to file a twenty-nine-page, count-by-count Rule 12(b)(6) motion engaging the allegations in detail confirms that they understand the claims and can respond. The alternative motion should be denied.

**VIII.  CONCLUSION AND PRAYER**

26.  For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Rule 12(b)(6) and Rule 9(b) Motion in its entirety and deny the alternative Motion for a More Definite Statement under Rule 12(e). Should the Court identify any pleading deficiency, Plaintiff requests leave to amend rather than dismissal with prejudice. Plaintiff requests all other relief to which it is entitled.

Respectfully submitted,

  /Brandon J. Leavitt/
**Brandon James Leavitt**
Texas Bar No: 24078841
TXSD Bar No: 3070683
(214) 727-2055
brandon@uslawpros.com

LEAVITT AND ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd. Suite 140
Arlington, TX 76017

**Attorney-in-charge for:**
Plaintiff Graebyrd Ventures LLC

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation of the Court's Procedures. Exclusive of the caption, table of contents, table of authorities, signature block, and certificates, this document contains **2722** words as counted by the word-processing system used to prepare it, which is fewer than the 5,000 words permitted.

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.