**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRAEBYRD VENTURES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | |
| | § | |
| **KARIE BOGART and** | § | **Case No. 4:26-cv-03062** |
| **MELANGE PAINTS, LLC** | § | |
| **(n/k/a LEGACY PAINTS, LLC),** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANTS' JOINT RULE 12(B)(7)**
**MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED AND INDISPENSABLE PARTIES**
**(ECF 9)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Graebyrd Ventures, LLC files this Answer in Opposition to Defendants'

Joint Rule 12(b)(7) Motion to Dismiss (ECF 9) and respectfully shows that the Motion

should be denied.

TABLE OF CONTENTS

I.    **Nature and Stage of the Proceeding**................................................................1

II.   **Introduction**.......................................................................................................1

III.  **Statement of Facts**............................................................................................2

IV.   **Statement of the Issues**....................................................................................2

V.    **Standard of Review**..........................................................................................2

VI.   **Summary of the Argument**...............................................................................3

VII.  **Argument and Authorities**...............................................................................3

      A.    Complete Relief Is Available Between the Existing Parties.........................3

      B.    The Complaint Pleads That the Absent Parties Retained No Interest...........3

      C.    Defendants Face No Double or Inconsistent Obligation..............................4

      D.    Graebyrd Is the Real Party in Interest; Its Member Need Not Be Joined......5

      E.    Defendants Concede Joinder Is Feasible, So the Remedy, If Any, Is Joinder — Not Dismissal..........................................................................................5

VIII. **Conclusion and Prayer**....................................................................................6

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Provident Tradesmens Bank & Tr. Co. v. Patterson,* 390 U.S. 102 (1968).............3

*Republic of the Philippines v. Pimentel,* 553 U.S. 851 (2008)................................2

**FEDERAL CASES**

*Ass'n of Co-Op. Members, Inc. v. Farmland Indus., Inc.,* 684 F.2d 1134 (5th Cir. 1982)...................................................................................................................4

*Escamilla v. M2 Tech., Inc.,* 536 F. App'x 417 (5th Cir. 2013).............................4

*Hood ex rel. Mississippi v. City of Memphis,* 570 F.3d 625 (5th Cir. 2009)............2

*Pulitzer-Polster v. Pulitzer,* 784 F.2d 1305 (5th Cir. 1986)....................................5

*Wieburg v. GTE Sw. Inc.,* 272 F.3d 302 (5th Cir. 2001).........................................5

**RULES**

Fed. R. Civ. P. 12(b)(7)............................................................................................1

Fed. R. Civ. P. 17(a)................................................................................................3

Fed. R. Civ. P. 19.....................................................................................................1

## I.     NATURE AND STAGE OF THE PROCEEDING

1.      Defendants move under Rule 12(b)(7) to dismiss for failure to join three nonparties — Morgan Marchingo, Mélange Paints LLC (Texas), and Ryan Schaub. In the same motion, Defendants concede that each is subject to service in Texas, that "joinder is both feasible and practical," and they ask, in the alternative, that the Court "order joinder" and stay the merits rather than dismiss. ECF 9 at 16, 18, 24. That concession is dispositive: where joinder is feasible, Rule 19 does not authorize dismissal.

## II.     INTRODUCTION

2.      Rule 12(b)(7) is a poor fit for a chain-of-title disagreement. The Complaint alleges complete assignments: Schaub and Mélange conveyed to Graebyrd all assets, rights, and "causes of action," retaining nothing. Compl. ¶¶ 6–7, 26–28. Taken as true, those allegations mean the absent parties have no interest left to protect and Defendants face no risk of paying twice. Defendants' Rule 19 theory works only by assuming the assignments are invalid — the very merits question the Court cannot assume in their favor on this motion.

3.      In any event, the Motion seeks the wrong remedy. Rule 19(b) — the only avenue to dismissal — applies solely when a required party "cannot be joined." Here Defendants concede the opposite. The most Rule 19 could yield is an order of joinder under Rule 19(a)(2), not dismissal of Plaintiff's suit.

**Plaintiff's Answer to Defendants' Rule 12(b)(7) Motion (ECF 9)          Page 1 of 7**

### III.    STATEMENT OF FACTS

4.      The Complaint alleges that Graebyrd holds, by complete assignment, the Mélange business, intellectual property, trade secrets, and causes of action at issue. Compl. ¶¶ 2, 6–7, 26–28. The nonparties Defendants seek to join — Morgan Marchingo, Mélange Paints LLC (Texas), and Ryan Schaub — are the alleged assignors and Graebyrd's member. Defendants represent that each is subject to service in Texas and that joinder is "feasible and practical," and they alternatively ask the Court to order joinder rather than dismiss. ECF 9 at 16, 18, 24.

### IV.    STATEMENT OF THE ISSUES

5.      Whether the Complaint must be dismissed under Rule 12(b)(7) for failure to join Marchingo, Mélange, or Schaub, where complete relief is available among the existing parties and Defendants concede that joinder of each absent person is feasible.

### V.    STANDARD OF REVIEW

6.      Rule 19 applies in two steps. First, the court asks whether an absent person is "required" under Rule 19(a) — because complete relief cannot be afforded without it, or because it claims a protectable interest. Second, only "[i]f a person who is required to be joined … cannot be joined" does the court ask whether, "in equity and good conscience," the action should proceed or be dismissed. Fed. R. Civ. P. 19(a)–(b); *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 862–63 (2008). The party urging joinder bears the burden. *Hood ex rel. Mississippi v. City of Memphis*, 570 F.3d 625, 628 (5th Cir. 2009).

**Plaintiff's Answer to Defendants' Rule 12(b)(7) Motion (ECF 9)**          **Page 2 of 7**

7.      Critically, when a required party can be joined, Rule 19(a)(2) provides that "the court must order that the person be made a party" — not dismiss. Dismissal under Rule 19(b) is reserved for the narrow case in which joinder is not feasible. *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118–19 (1968).

## VI.    SUMMARY OF THE ARGUMENT

8.      Complete relief is available between Graebyrd and Defendants. The Complaint pleads complete assignments, so the absent parties retain no interest and Defendants face no double obligation. Graebyrd is the real party in interest, and Rule 17 does not require joining its member. And because Defendants concede joinder is feasible, dismissal is foreclosed: the remedy, if any, is joinder under Rule 19(a)(2).

## VII.    ARGUMENT AND AUTHORITIES

### A.    Complete Relief Is Available Between the Existing Parties.

9.      Rule 19(a)(1)(A) asks only whether the Court can accord "complete relief among existing parties" — not whether some hypothetical future dispute might arise. As the pleaded sole owner of the Mélange business, mark, trade secrets, and causes of action (Compl. ¶¶ 2, 7, 28), Graebyrd can obtain everything it seeks — injunctive relief and damages — directly from Bogart and the Kansas Entity. The absent parties are not necessary to that relief.

### B.    The Complaint Pleads That the Absent Parties Retained No Interest.

10.     Rule 19(a)(1)(B) turns on whether the absent person "claims an interest relating to the subject of the action." The subject of this action is Bogart's

misappropriation and infringement — not the validity of the assignments as between Plaintiff and its assignors. And the Complaint alleges that Schaub and Mélange assigned away all right, title, interest, and causes of action, retaining nothing. Compl. ¶¶ 6–7, 26–28. An assignor who has parted with all interest claims none.

11.     Defendants' trademark authorities do not hold otherwise. *Ass'n of Co-Op Members, Inc. v. Farmland Industries, Inc.*, 684 F.2d 1134 (5th Cir. 1982), and *Escamilla v. M2 Technology, Inc.*, 536 F. App'x 417 (5th Cir. 2013), treat a trademark licensor as a necessary party because a licensor retains ownership and could later sue on its own retained rights. An outright assignor retains no such rights. The Complaint pleads complete assignments, not licenses, so the rationale of those cases does not apply.

### C.     Defendants Face No Double or Inconsistent Obligation.

12.     The "multiple or inconsistent obligations" contemplated by Rule 19(a)(1)(B)(ii) means a real risk of being ordered to do legally incompatible things — not the mere possibility of a second lawsuit. Defendants posit that the assignors might someday claim the transfers were invalid. But a speculative future suit by alleged assignors who, according to the Complaint, transferred all relevant rights is not the inconsistent obligation Rule 19 addresses, and Defendants' premise — that the assignments failed — is a merits defense, not a joinder ground. If the assignments are valid, as the Complaint alleges, the assignors have nothing to sue on; if they are invalid, Plaintiff loses on the merits and Defendants owe nothing. Either way, there is no double exposure.

**Plaintiff's Answer to Defendants' Rule 12(b)(7) Motion (ECF 9)          Page 4 of 7**

### D.   Graebyrd Is the Real Party in Interest; Its Member Need Not Be Joined.

13.    Graebyrd sues as the assignee and real party in interest. Fed. R. Civ. P. 17(a); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). Marchingo's status as Graebyrd's sole member does not make her a required party; a member is not a necessary party to her limited liability company's suit. Defendants' Rule 17 label adds nothing to the Rule 19 analysis.

### E.   Defendants Concede Joinder is Feasible, So the Remedy, if Any, is Joinder — Not Dismissal.

14.    Plaintiff does not concede that any absent person is required. But even if the Court were to so find, dismissal would be improper. Rule 19(b) — the gateway to dismissal — applies only when a required party "cannot be joined." Here, Defendants affirmatively represent that Marchingo, Mélange, and Schaub are each subject to service in Texas and that "joinder is both feasible and practical." ECF 9 at 16, 18, 21. They even ask, in the alternative, that the Court "order joinder" and stay the merits. ECF 9 at 24.

15.    Those concessions are dispositive. When joinder is feasible, Rule 19(a)(2) directs that "the court must order that the person be made a party"; it does not permit dismissal. *Pimentel,* 553 U.S. at 862–63; *Pulitzer-Polster v. Pulitzer,* 784 F.2d 1305, 1309–11 (5th Cir. 1986). The Court should therefore deny the Motion to Dismiss. Should the Court conclude that any nonparty must be joined and may be, Plaintiff respectfully submits that the proper course is an order of joinder under Rule 19(a)(2) — the very relief Defendants propose in the alternative — not dismissal of this action.

**Plaintiff's Answer to Defendants' Rule 12(b)(7) Motion (ECF 9)**          **Page 5 of 7**

## VIII.  CONCLUSION AND PRAYER

16.     For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Rule 12(b)(7) Motion to Dismiss. If the Court determines that any absent person is required and may be joined, Plaintiff requests that the Court order joinder under Rule 19(a)(2) rather than dismiss, and grant Plaintiff all other relief to which it is entitled.

Respectfully submitted,

  /Brandon J. Leavitt/
**Brandon James Leavitt**
Texas Bar No: 24078841
TXSD Bar No: 3070683
(214) 727-2055
brandon@uslawpros.com

LEAVITT AND ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd. Suite 140
Arlington, TX 76017

**Attorney-in-charge for:**
Plaintiff Graebyrd Ventures LLC

### CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation of the Court's Procedures. Exclusive of the caption, table of contents, table of authorities, signature block, and certificates, this document contains **1318** words as counted by the word-processing system used to prepare it, which is fewer than the 5,000 words permitted.

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 22, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.