**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRAEBYRD VENTURES, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | |
| | § | |
| **KARIE BOGART and** | § | **Case No. 4:26-cv-03062** |
| **MELANGE PAINTS, LLC** | § | |
| **(n/k/a LEGACY PAINTS, LLC),** | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ANSWER IN OPPOSITION TO DEFENDANT LEGACY PAINTS, LLC'S RULE
12(B)(2) AND RULE 12(B)(3) MOTION TO DISMISS AND, ALTERNATIVELY, MOTION TO
TRANSFER VENUE UNDER 28 U.S.C. § 1404(A) (ECF 10)**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Graebyrd Ventures, LLC files this Answer in Opposition to Defendant

Legacy Paints, LLC's Rule 12(b)(2) and Rule 12(b)(3) Motion to Dismiss and,

alternatively, Motion to Transfer Venue (ECF 10), and respectfully shows that the

Motion should be denied.

TABLE OF CONTENTS

I.    **Nature and Stage of the Proceeding**......................................................................1

II.   **Introduction**...............................................................................................................1

III.  **Statement of Facts**....................................................................................................2

IV.   **Statement of the Issues**............................................................................................2

V.    **Standard of Review**..................................................................................................3

VI.   **Summary of the Argument**......................................................................................3

VII.  **Argument and Authorities**.......................................................................................4

      A.    The Complaint Makes a *Prima Facie* Showing of Specific Jurisdiction Over Legacy.......................................................................................................4

      B.    The Forum-Selection Clause Further Supports Jurisdiction and Venue.…….5

      C.    Venue Is Proper................................................................................................6

      D.    Transfer Under Section 1404(a) Is Not Warranted.........................................6

VIII. **Conclusion and Prayer**............................................................................................7

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Atl. Marine Constr. Co. v. U.S. Dist. Court,* 571 U.S. 49 (2013)............................6

*Calder v. Jones,* 465 U.S. 783 (1984).........................................................................4

*Walden v. Fiore,* 571 U.S. 277 (2014).........................................................................4

**FEDERAL CASES**

*Franlink Inc. v. BACE Servs., Inc.,* 50 F.4th 432 (5th Cir. 2022)............................5

*In re Volkswagen of Am., Inc.,* 545 F.3d 304 (5th Cir. 2008)...................................6

*Quick Techs., Inc. v. Sage Grp. PLC,* 313 F.3d 338 (5th Cir. 2002)........................3

*Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266 (5th Cir. 2006).....................3

**STATE CASES**

*Neece v. A.A.A. Realty Co.,* 322 S.W.2d 597 (Tex. 1959).........................................5

*Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.,* 574 S.W.3d 882 (Tex. 2019)
................................................................................................................................5

*RSUI Indem. Co. v. Lynd Co.,* 466 S.W.3d 113 (Tex. 2015)....................................5

**FEDERAL STATUTES**

28 U.S.C. § 1391.........................................................................................................6

28 U.S.C. § 1404(a).....................................................................................................2

**RULES**

Fed. R. Civ. P. 12(b)(2)..............................................................................................1

Fed. R. Civ. P. 12(b)(3)..............................................................................................7

## I.   NATURE AND STAGE OF THE PROCEEDING

1.      This Motion is brought by Defendant Legacy Paints, LLC alone. Defendant Bogart has not contested personal jurisdiction or venue. Personal jurisdiction and venue over Bogart — and Count I, the breach claim against her — are therefore unchallenged, and the claims against her are properly before this Court regardless of how the Court rules on Legacy's Motion. Because the Court will resolve this Motion without an evidentiary hearing, Plaintiff need only make a *prima facie* showing of jurisdiction.

## II.   INTRODUCTION

2.      Legacy's Motion rests on a single premise: that the Kansas Entity is a stranger to Texas to which no Texas conduct can be attributed because "Plaintiff pleads no alter ego, successor liability, veil piercing, … [or] direct-benefits estoppel." ECF 10 at 13. That premise is contradicted by the Complaint, which alleges in paragraph 9 that the Kansas Entity "is Bogart's alter ego and the vehicle through which she is commercially exploiting Mélange's misappropriated confidential information and trade secrets." On a Rule 12(b)(2) motion decided without a hearing, that allegation is taken as true.

3.      Legacy's premise is wrong on the pleadings. The Complaint alleges that Legacy is the entity Bogart formed during the NDA period, under the identical Mélange Paints name, as the vehicle through which the misappropriated information is being commercialized — and that Legacy is the vehicle through which Bogart commercialized that information, including through the Houston supplier channel and Mélange's Texas customer goodwill. At the *prima-facie* stage, those allegations, together with the forum-

**Plaintiff's Answer to Legacy Paints' Rule 12(b)(2) Motion (ECF 10)      Page 1 of 8**

selection clause Bogart signed, support specific jurisdiction over Legacy. And transfer is unwarranted where Plaintiff's chosen Texas forum has the dominant interest and the case against Bogart proceeds here in any event.

### III.   STATEMENT OF FACTS

4.      This Motion is brought by Legacy Paints, LLC alone; Bogart does not contest personal jurisdiction or venue. The Complaint alleges that Bogart formed the Kansas Entity during the NDA period, under Mélange's identical name, as her alter ego and "the vehicle" through which Mélange's misappropriated Texas trade secrets are being exploited; that Bogart is its sole member, resident agent, and signatory; and that the Entity is the vehicle through which Bogart commercialized the misappropriated information, including through Mélange's Houston supplier representative and its Texas customer goodwill. ECF 1 ¶¶ 9, 13, 30–35. The NDA is governed by Texas law and, in Article 14, selects "the exclusive jurisdiction of the state and federal courts located in Harris County, Texas." ECF 1 ¶ 24. Legacy supports its Motion with Kansas formation and name-change records. ECF 10, Ex. 4.

### IV.   STATEMENT OF THE ISSUES

5.      Whether the Complaint makes a *prima facie* showing of personal jurisdiction over Legacy and of proper venue, and whether transfer to the District of Kansas under 28 U.S.C. § 1404(a) is warranted.

**Plaintiff's Answer to Legacy Paints' Rule 12(b)(2) Motion (ECF 10)      Page 2 of 8**

## V.    STANDARD OF REVIEW

6.    When the Court resolves a Rule 12(b)(2) motion without an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal jurisdiction. *Quick Technologies, Inc. v. Sage Group PLC,* 313 F.3d 338, 343 (5th Cir. 2002). The Court must accept the plaintiff's uncontroverted allegations as true and resolve all factual conflicts in the plaintiff's favor. *Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006).

7.    Legacy's evidence — Kansas formation and name-change records — establishes only when the Entity was formed and where it is organized. It does not controvert the Complaint's allegations that Legacy is Bogart's alter ego, or that Bogart and Legacy directed conduct at Texas. Those factual allegations are not contradicted by Legacy's formation records and must be credited at this stage.

## VI.    SUMMARY OF THE ARGUMENT

8.    The Complaint pleads specific jurisdiction over Legacy two independent ways: as Bogart's alter ego, whose Texas contacts are imputed, and through Legacy's own Texas-directed conduct, which aimed at a Texas business and caused Texas injury. The forum-selection clause's operative text selects Harris County courts and controls over its mislabeled caption, and it binds Legacy as the closely-related entity formed to exploit the NDA. Venue is proper, and transfer under § 1404(a) is unwarranted because Plaintiff's chosen forum and the bulk of the controversy are in Texas — where the case against Bogart will proceed regardless.

## VII.  ARGUMENT AND AUTHORITIES

### A.  The Complaint Makes a *Prima Facie* Showing of Specific Jurisdiction Over Legacy.

#### i.  *Legacy's Own Suit-Related Conduct Was Aimed at Texas.*

9.  The Complaint alleges Legacy's own Texas-directed conduct. The Entity is the pleaded vehicle through which the misappropriated Texas trade secrets "are being commercially exploited" — by sourcing from the Houston supplier representative, adopting the Texas business's name and "ONE" identifier, recruiting Mélange's Texas affiliates, and diverting Mélange's customers. ECF 1 ¶¶ 31–35, 45, 51. This is not a case resting on injury merely felt by a Texas resident. The Complaint alleges suit-related contacts with Texas itself: a Texas-governed NDA relationship, a Texas owner's confidential information, a Houston supplier channel, and Texas customer goodwill. Those alleged contacts — not Plaintiff's residence alone — supply the forum connection that *Walden* requires. *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014). Whatever Legacy's formation date, the misappropriation and infringement attributed to it occurred after its formation and were directed at Texas.

#### ii.  *Legacy Is Also Bound Through Bogart as Its Alter Ego.*

10.  Legacy's lead contention — that "Plaintiff pleads no alter ego" (ECF 10 at 13) — is also incorrect. Paragraph 9 alleges that the Kansas Entity "is Bogart's alter ego and the vehicle through which she is commercially exploiting Mélange's misappropriated confidential information and trade secrets," that Bogart formed it during the NDA period under Mélange's identical name while still receiving Mélange's confidential information, and that Bogart is its sole member, resident agent, and authorized signatory. ECF 1 ¶ 9.

**Plaintiff's Answer to Legacy Paints' Rule 12(b)(2) Motion (ECF 10)      Page 4 of 8**

Those are factual allegations, not bare labels, and they are reinforced by the specific conduct pleaded in paragraphs 30 through 35. To the extent the Court credits them at the *prima-facie* stage, Bogart's Texas contacts — ordering from Mélange's Houston supplier representative and targeting its Texas customers (ECF 1 ¶¶ 13, 31) — are attributed to the Entity as a further basis for jurisdiction.

**B.        The Forum-Selection Clause Further Supports Jurisdiction and Venue.**

11.        The NDA's Article 14 provides that disputes "shall be subject to the exclusive jurisdiction of the state and federal courts located in Harris County, Texas." ECF 1 ¶ 12; Confidentiality Agreement art. 14 (Defs.' Ex. 3, ECF No. 10-4). Legacy says Article 14 is ambiguous because it is captioned "ARBITRATION." But Defendants' own authorities defeat that argument: a caption does not control over operative text. *Neece v. A.A.A. Realty Co.*, 322 S.W.2d 597, 600 (Tex. 1959); *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 889 (Tex. 2019); *RSUI Indem. Co. v. Lynd Co.*, 466 S.W.3d 113, 121 (Tex. 2015). The operative text selects Harris County courts unambiguously; because there is no ambiguity, the canon construing ambiguities against the drafter never comes into play.

12.        The clause also reaches Legacy. A forum-selection clause may bind a non-signatory that is "closely related" to the agreement and for which enforcement was "foreseeable." *Franlink Inc. v. BACE Services, Inc.*, 50 F.4th 432, 441–43 (5th Cir. 2022). At minimum, the Complaint plausibly supports applying Article 14 to Legacy under that doctrine: Legacy is the entity that Bogart — the NDA signatory — formed during the NDA period to exploit the very information she obtained under the NDA,

**Plaintiff's Answer to Legacy Paints' Rule 12(b)(2) Motion (ECF 10)        Page 5 of 8**

which places it far closer to a bound, closely-related entity than to a disconnected stranger. Defendants' reliance on the NDA's and Asset Purchase Agreement's ("APA") anti-assignment clauses is misplaced: Plaintiff does not contend that Bogart assigned her Recipient obligations to Legacy, but that Legacy is bound as the closely-related entity she created to exploit the NDA.

### C.    Venue Is Proper.

13.    Venue follows. The forum-selection clause fixes venue in Harris County, within this District. Independently, venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims — the targeting of a Texas business, the use of a Texas supplier channel, and the resulting Texas injury — occurred here. And because Bogart has not challenged venue, the action proceeds in this District as to her regardless.

### D.    Transfer Under Section 1404(a) Is Not Warranted.

14.    Transfer is the exception, not the rule, and Legacy bears the burden to show that the District of Kansas is "clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). If Article 14 applies, the parties' selected Harris County forum weighs heavily against transfer: a valid forum-selection clause is "given controlling weight in all but the most exceptional cases." *Atlantic Marine Construction Co. v. United States District Court*, 571 U.S. 49, 59–60 (2013). Even apart from Article 14, Legacy has not shown that Kansas is clearly more convenient than Plaintiff's chosen Texas forum.

15.     The controversy's center of gravity is Texas: Texas trade secrets, a Texas-governed and Texas-forum NDA, a Texas plaintiff, and a Houston supplier channel. Tellingly, Defendants' own Rule 12(b)(7) Motion insists that the key third parties — Marchingo, Mélange, and Schaub — are all in Texas and subject to process here. ECF 9 at 16, 18, 21. Defendants cannot simultaneously argue that the essential witnesses are in Texas and that Kansas is more convenient. Finally, Bogart has not joined this venue challenge, and Legacy has not shown that transferring the whole controversy would be clearly more convenient; at a minimum, transferring Legacy alone would fracture a single controversy into two forums — the opposite of efficiency. The Court should deny transfer.

## VIII.  CONCLUSION AND PRAYER

16.     For these reasons, Plaintiff respectfully requests that the Court deny Legacy Paints, LLC's Rule 12(b)(2) and Rule 12(b)(3) Motion to Dismiss and deny the alternative Motion to Transfer under 28 U.S.C. § 1404(a). Should the Court conclude that the current record is insufficient to resolve personal jurisdiction over Legacy, Plaintiff respectfully requests targeted jurisdictional discovery before any dismissal or transfer. Plaintiff requests all other relief to which it is entitled.

Respectfully submitted,

  /Brandon J. Leavitt/      
**Brandon James Leavitt**
Texas Bar No: 24078841
TXSD Bar No: 3070683
(214) 727-2055

**Plaintiff's Answer to Legacy Paints' Rule 12(b)(2) Motion (ECF 10)        Page 7 of 8**

brandon@uslawpros.com

LEAVITT AND ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd. Suite 140
Arlington, TX 76017

**Attorney-in-charge for:**
Plaintiff Graebyrd Ventures LLC

### CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitation of the

Court's Procedures. Exclusive of the caption, table of contents, table of authorities,

signature block, and certificates, this document contains **1683** words as counted by the

word-processing system used to prepare it, which is fewer than the 5,000 words

permitted.

### CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 22, 2026, I electronically

filed the foregoing document with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to all counsel of record.