**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| GRAEBYRD VENTURES, LLC | § | |
|    *Plaintiff,* | § | |
| | § | |
| | § | **Civil Action No. 4:26-cv-03062** |
| **v.** | § | |
| | § | |
| | § | |
| | § | |
| **KARIE BOGART AND MELANGE** | § | |
| **PAINTS, LLC (n/k/a LEGACY PAINTS,** | § | |
| **LLC)** | § | |
|    *Defendant.* | | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT RULE 12(b)(1)**
**MOTION TO DISMISS FOR LACK OF STANDING [DKT. 7]**

Defendants Karie Bogart and Legacy Paints, LLC (formerly Melange Paints, LLC, the "Kansas Entity") (collectively "Defendants") respectfully submit this Reply in support of their Joint Motion pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 7) to dismiss Plaintiff Graebyrd Ventures, LLC's ("Plaintiff" or "Graebyrd") Original Complaint in its entirety for lack of subject-matter jurisdiction due to lack of Article III standing. In the alternative, to the extent any count is analyzed as a Rule 12(b)(6) issue, the same defects compel dismissal for failure to state a claim. In support, Defendants show the Court as follows:

**I. NATURE AND STAGE OF THE PROCEEDING**

Defendants moved under Rule 12(b)(1) to dismiss the Complaint (Dkt. 1) for lack of Article III standing (Dkt. 7). Plaintiff responded (Dkt. 19), and the motion is ripe. The dispositive facts are undisputed and come from Plaintiff's own pleading: by the

chronology Graebyrd alleges, it acquired the asserted claims only on April 8, 2026, after every act of which it complains.

## II. ISSUES TO BE RULED UPON

First, whether Graebyrd has carried its burden to establish an injury-in-fact of its own and a valid, complete assignment of each accrued cause of action, when its pleaded chronology shows it held nothing until after the alleged wrongs. Second, whether Plaintiff's "continuing misappropriation" theory salvages any count.

## III. STANDARD OF REVIEW

The party invoking federal jurisdiction bears the burden of establishing standing, which must exist when suit is filed. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A Rule 12(b)(1) movant may attack jurisdiction facially or factually. On a factual attack, the court weighs evidence outside the pleadings; no "presumptive truthfulness attaches to plaintiff's allegations," and the plaintiff must prove jurisdiction by a preponderance of the evidence. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981) *cert. denied,* 454 U.S. 897 (1981); *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

## IV. ARGUMENT AND AUTHORITIES

### A. Plaintiff cannot avoid its burden by mislabeling the Motion a "facial" attack.

Plaintiff's opposition turns on a single move: recast the Motion as a facial attack, insist the Court accept paragraph 28 of the Complaint and its say-so that "all . . . causes

of action" were assigned, and dismiss the rest of the challenges as "merits." (Dkt. 19 at 1, 9.)

That is not the law. *Williamson* permits dismissal for want of jurisdiction on "the complaint supplemented by undisputed facts evidenced in the record" and on "the court's resolution of disputed facts." 645 F.2d at 413. Defendants mounted exactly that factual attack (<u>not</u> a facial attack) by placing the operative instruments and public records before the Court (Exs. 1–6). Plaintiff resorts to mislabeling the attack as "facial" because it has no evidence to present in response—essentially a concession that it cannot effectively respond to Defendants' factual attack.

On a factual attack, Plaintiff's allegations receive no presumptive truthfulness, *Id.*, and Plaintiff must prove standing by a preponderance. *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (stating that to defeat a 12(b)(1) factual attack, "a plaintiff must prove the existence of subject-matter jurisdiction by a preponderance of the evidence and is obligated to submit facts through some evidentiary method to sustain his burden of proof.") Plaintiff utterly fails the preponderance burden. Plaintiff submitted no declaration, no assignment instrument, and no evidence of any kind with its Response. It has not met, and has not even engaged, that burden.

Plaintiff's reliance on the "intertwined-with-the-merits" doctrine (Dkt. 19 at 5, 9–10) is misplaced. That doctrine applies only where "the basis of jurisdiction is also an element in the plaintiff's federal cause of action," as in *Williamson* itself, where whether the instruments were "securities" was both the jurisdictional predicate and a merits

element. 645 F.2d at 415–16. Whether Graebyrd holds a valid, completed assignment that gives it an injury of its own is an antecedent Article III question, not an element of trademark, trade-secret, or contract liability. The Court may decide it now. Courts in this District resolve an assignee's standing on a Rule 12(b)(1) factual attack and dismiss for want of subject matter jurisdiction where the assignee cannot establish a valid, injury-bearing assignment. *See Superior MRI*, 778 F.3d at 504–506; *PEMEX Exploración y Producción v. Murphy Energy Corp.*, 923 F.Supp.2d 961, 973–74 (S.D. Tex. 2013) (Lake, J.).

## B. Even taken as true, the pleaded dates defeat standing, and Plaintiff's own lead authority requires a valid, complete assignment.

Standing is measured at filing and turns on the plaintiff's own concrete, particularized injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Lujan*, 504 U.S. at 560–61; *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 180–84 (2000).

By Plaintiff's chronology, every alleged breach, misappropriation, and infringement preceded April 8, 2026, when Graebyrd first acquired any interest. (Dkt. 1, Compl. ¶¶ 7, 28–35.) An assignee's injury is derivative: it must trace standing to an assignor that itself was injured and must hold a valid, complete assignment of the claim. Plaintiff's own authority confirms the point.

Plaintiff invokes *Sprint Commc'ns Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008) (Dkt. 19 ¶¶ 19–20), but *Sprint* upheld assignee standing precisely because the assignments "transfer[red] absolute title to the claims," *id.* at 273, allowing the assignee

to assert "the injury in fact suffered by the assignor,"*id.* at 285–87. *Sprint* does not direct the Court to presuppose a valid assignment. The standing it recognized flowed from assignments that were complete, express, written, and undisputed. There, the Court emphasized that each assignment transferred "all rights, title and interest" in the claims, appointed the assignee as the assignor's "true and lawful attorney-in-fact," addressed the litigation specifically, and could not be revoked without the assignee's written consent. *Sprint*, 554 U.S. at 272.

Here, the source of Graebyrd's claimed injury, the assignment itself, is neither pleaded with operative language nor proven, so *Sprint* supplies the very standard Graebyrd must meet and simultaneously shows why it fails: a paraphrased, unattached, multi-link chain (as plead in the Complaint) is not the "absolute title" transfer on which *Sprint*'s holding rests. Plaintiff merely paraphrases the assignment chain in its Complaint, leaving the entity links unaddressed and failing to prove on the face of the Complaint that any instrument actually conveyed claims.  (Compl. ¶¶ 26–28.).  Plaintiff also attaches no evidence.

That is dispositive here. The Complaint pleads no operative assignment language, only the conclusory label "all . . . causes of action." (Compl. ¶ 28.)

Under Texas law, an accrued cause of action does not pass with a general transfer of business assets; it must be expressly assigned, and the assignee must prove the claim "existed, . . . was assignable, and . . . was in fact assigned." *Tex. Farmers Ins. Co. v. Gerdes*, 880 S.W.2d 215, 217 (Tex. App.—Fort Worth 1994, writ denied); *accord Keller Founds., Inc. v. Wausau Underwriters Ins. Co.*, 626 F.3d 871, 877 (5th Cir. 2010)

("choses in action" for pre-acquisition losses do not transfer by operation of law absent an express assignment).

Plaintiff brushes these aside as imposing no "attach-the-instrument" pleading rule (Dkt. 19 at 6–7), but on a factual attack the point is evidentiary, not formal: Plaintiff must come forward with proof that each accrued claim was expressly conveyed up a chain that, on its own telling, runs from Schaub to Marchingo, from Schaub to Graebyrd for the mark, and from Mélange to Graebyrd for everything else. (Dkt. 19 at 2, 4); *see Keller*, 626 F.3d at 877; *Gerdes*, 880 S.W.2d at 217. It offered none. Indeed, this Court has dismissed an assignee's claims for want of standing where the assignee failed to show that its assignors suffered an injury-in-fact traceable to the defendant. *PEMEX*, 923 F.Supp.2d at 973–74.

## C. The trade-secret counts confirm, rather than cure, the defect.

The DTSA and TUTSA confine suit to the "owner" of the trade secret. 18 U.S.C. §§ 1836(b)(1), 1839(4); Tex. Civ. Prac. & Rem. Code § 134A.002(6); *see Snyder v. Beam Techs., Inc.*, 147 F.4th 1246, 1254 (10th Cir. 2025) (the DTSA "expressly allows only an 'owner' to pursue a claim"). Graebyrd was not the owner when the alleged misappropriation occurred.

Plaintiff's answer, that the misappropriation is "continuing" (Dkt. 19 at 8), proves Defendants' point rather than answering it. A claim for trade-secret misappropriation accrues when the trade secret is actually used. *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC*, 539 F.Supp.3d 685, 693–94 (S.D. Tex. 2021) (Bennett, J.); *accord Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721–22 (Tex. 2016).

Each post-assignment use is therefore a discrete wrong the then-owner may pursue. But that cabins Plaintiff's theory rather than rescuing its case because it reaches, at most, uses occurring <u>after</u> April 8, 2026, the date of assignment. It supplies no standing for the pre-assignment conduct that makes up the bulk of the Complaint, and none at all for Count I, the breach of the NDA, which is a single, accrued claim that Graebyrd did not own when it accrued. Any alleged continuing conduct cannot resurrect accrued claims for an assignee that only the prior owner could assert, including Count I.

**D. The Lanham count fails for the same reason, on Plaintiff's own narrowing.**

Plaintiff concedes that Count IV arises under § 43(a) alone, not § 32. (Dkt. 19 at 9.) But § 43(a) still requires Graebyrd to show an injury of its own "flowing directly from the deception." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 133 (2014). A plaintiff that held nothing when the alleged infringement occurred suffered no such injury, and a later, non-retroactive assignment does not cure the defect. *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 616 (5th Cir. 2023) ("only an owner or a true assignee" may sue); *Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 Fed.Appx. 803, 806 (5th Cir. 2020).

**E. Rule 17 and leave to amend cannot manufacture standing that never existed.**

Plaintiff concedes that Rule 17(a) "does not manufacture Article III standing . . . ." (Dkt. 19 at 10; *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306–07 (5th Cir. 2001).) That concession is dispositive: the real-party-in-interest doctrine cannot supply a jurisdictional injury Graebyrd lacked at filing. Nor can amendment. A plaintiff either had standing

when it sued or it did not, and for the accrued, pre-assignment claims, no repleading can retroactively give Graebyrd an injury it never suffered.  Plaintiff's own authority proves the point.

In *Wieburg*, the Fifth Circuit held that the real party in interest was the bankruptcy trustee, not the plaintiff, and that the plaintiff therefore "lacked standing" to pursue the claims in her own name; the asserted Rule 17(a) arrangement did not change that result. 272 F.3d at 306–08.

Real-party status and Article III standing are distinct inquiries: the former "presents a merits question" that "does not go to a court's subject matter jurisdiction," while the latter (Article III standing) is the jurisdictional injury Graebyrd must independently establish. *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017).

Plaintiff's labeling of Graebyrd the "real party in interest as assignee" merely answers a question the Motion never asked and supplies nothing the jurisdictional inquiry requires. Moreover, because standing is "determined as of the date of the filing of the complaint," a party "cannot rely on events that unfolded after the filing of the complaint to establish its standing." *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 460 (5th Cir. 2005). No amendment or post-filing ratification can manufacture an injury Graebyrd lacked when it sued.

## V. CONCLUSION AND PRAYER

Defendants respectfully request that the Court grant the Motion (Dkt. 7), dismiss the Complaint for lack of subject-matter jurisdiction, and award Defendants all other relief to which they are entitled.


Dated: July 2, 2026                                   Respectfully submitted,

                                            **HENDERSHOT COWART P.C.**


                                            By:  */s/Philip D. Racusin*
                                                 SIMON W. HENDERSHOT, III
                                                 SBN: 09417200
                                                 trey@hchlawyers.com
                                                 PHILIP D. RACUSIN
                                                 SBN: 24054267
                                                 pracusin@hchlawyers.com
                                                 SARAH C. CATON
                                                 SBN: 24133625
                                                 scaton@hchlawyers.com
                                                 1800 Bering Drive, Suite 600
                                                 Houston, Texas  77057
                                                 Telephone: (713) 783-3110
                                                 Facsimile: (713) 783-2809

                                            **ATTORNEYS FOR DEFENDANTS**


### CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limitation of this Court's Procedures § 16.c. Exclusive of the case caption, table of contents, table of authorities, signature block, and certificates, this document contains 1,904 words, as counted by the word-processing system used to prepare it, which is fewer than the 2,000 words permitted for replies.

                                       By:  */s/Philip D. Racusin*
                                            Philip D. Racusin

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

By: <u>*/s/Philip D. Racusin*</u>

Philip D. Racusin

4918-9491-4999, v. 4