**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GRAEBYRD VENTURES, LLC**<br>*Plaintiff,*<br><br>**v.**<br><br>**KARIE BOGART AND MELANGE PAINTS, LLC (n/k/a LEGACY PAINTS, LLC)**<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-cv-03062** |

**<u>DEFENDANTS' MOTION TO SET ORAL REMOTE HEARING ON PENDING MOTIONS</u>**

Defendants Karie Bogart and Legacy Paints, LLC (formerly Melange Paints, LLC, the "Kansas Entity") (collectively "Defendants") respectfully move the Court, under Local Rules 7.5 and 7.8 of the United States District Court for the Southern District of Texas, to set an oral hearing—to be conducted remotely by videoconference—on the motions now pending and fully briefed in this action. In support, Defendants show the Court as follows:

## I. <u>THE PENDING MOTIONS</u>

The following motions, together with their supporting memoranda, declarations, and exhibits, are pending and fully briefed before the Court:

(1) **Dkt No. 7 -** Defendants' Joint Rule 12(b)(1) Motion to Dismiss for Lack of Standing, filed May 29, 2026;

(2) **Dkt No. 8** – Defendants' Rule 12(b)(6) and Rule 9(b) Motion to Dismiss and Brief in Support, Alternatively, Motion for More Definite Statement Under Rule 12(e), filed May 29, 2026;

(3) **Dkt No. 9** – Defendants' Joint Motion to Dismiss Based on Rule 12(b)(7) Failure to Join Necessary and Indispensable Parties, filed May 29, 2026; and

(4) **Dkt. No. 10 -** Legacy's Rule 12(b)(2) and 12(b)(3) Motion to Dismiss and Alternative Motion to Transfer Venue to the District of Kansas under 28 U.S.C. § 1404(a), filed May 29, 2026.

Each of these motions is ripe for the Court's determination.

## II. GROUNDS FOR THE REQUESTED HEARING

Under Local Rule 7.5.A, a party that views oral argument as helpful to the Court may request it, and if the request is granted the parties will be notified by the clerk. Defendants respectfully submit that oral argument would materially assist the Court. The pending motions raise overlapping and interrelated questions—including Article III standing, specific personal jurisdiction, the reach of the NDA's forum-selection clause to a non-signatory, the propriety of venue, and transfer under 28 U.S.C. § 1404(a)—and argument would allow the parties to address the Court's questions, clarify the relationship among the motions, and narrow the matters requiring decision.

Under Local Rule 7.8, the Court may, in its discretion, on its own motion or upon application, entertain and decide any motion, including by setting the matter for hearing. This Motion is such an application.

A single, consolidated hearing addressing all pending motions would promote the efficient use of the Court's and the parties' resources and avoid piecemeal presentation of related issues.

Defendants respectfully request that the hearing be held remotely, by videoconference. A remote setting will conserve party and Court resources, avoid the time and expense of travel, and allow the hearing to proceed promptly at the Court's convenience, without prejudice to any party.

## III. CONCLUSION AND PRAYER

For these reasons, Defendants respectfully request that the Court grant this Motion; set an oral hearing, to be conducted remotely by videoconference, on the pending motions (Dkt. 7, 8, 9, and 10); and grant Defendants all other relief to which they are justly entitled.

Dated: August 21, 2026

Respectfully submitted,

**HENDERSHOT COWART P.C.**

By: *<u>/s/Philip D. Racusin</u>*
SIMON W. HENDERSHOT, III
SBN: 09417200
trey@hchlawyers.com
PHILIP D. RACUSIN
SBN: 24054267
pracusin@hchlawyers.com
SARAH C. CATON
SBN: 24133625
scaton@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, a copy of the foregoing document was served on all counsel of record via the Court's ECF system.

By: *_/s/Philip D. Racusin_*
Philip D. Racusin

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the type-volume limitation of this Court's Procedures § 16.c. Exclusive of the case caption, table of contents, table of authorities, signature block, and certificates, this document contains 670 words, as counted by the word-processing system used to prepare it, which is fewer than the 5,000 words permitted.

By: *_/s/ Philip D. Racusin_*
Philip D. Racusin