IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRAEBYRD VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:26-cv-03062 |
| | § | |
| KARIE BOGART AND MELANGE PAINTS, LLC (n/k/a LEGACY PAINTS, LLC), | § § § | |
| | § | |
| Defendants. | § | |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Graebyrd Ventures, LLC and Defendants Karie Bogart and Legacy Paints, LLC (f/k/a Melange Paints, LLC) jointly move to amend the Scheduling Order (ECF 34) and respectfully show the Court as follows:

## I. RELIEF REQUESTED

The parties jointly ask the Court to amend paragraphs 1 and 2 of the Scheduling Order so that the deadline for motions to add new parties and the deadline for motions for leave to amend pleadings are reset to thirty (30) days after the Court rules on the motions pending at ECF 7, 8, 9, and 10. No other deadline in the Scheduling Order is affected.

## II. BACKGROUND

Plaintiff filed its Original Complaint on April 17, 2026. On May 29, 2026, Defendants filed four motions under Rule 12: a joint Rule 12(b)(1) motion to dismiss for lack of standing (ECF 7); a Rule 12(b)(6) and Rule 9(b) motion to dismiss, alternatively a motion for more definite statement under Rule 12(e) (ECF 8); a joint Rule 12(b)(7) motion to dismiss for failure to join necessary and indispensable parties (ECF 9); and Legacy's Rule 12(b)(2) and 12(b)(3) motion to dismiss and

alternative motion to transfer venue under 28 U.S.C. § 1404(a) (ECF 10). Each has been fully briefed since June 2026.

In the Joint Discovery/Case Management Plan, the parties proposed that every deadline be set "[s]ubject to Resolution of 12b Motions" rather than by date. ECF 18-1. The Scheduling Order entered on July 2, 2026 instead set fixed dates, including September 30, 2026 for motions to add new parties and September 30, 2026 for motions for leave to amend pleadings. ECF 34 ¶¶ 1-2.

On August 21, 2026, Defendants moved to set a consolidated oral remote hearing on the four pending motions under Local Rules 7.5 and 7.8. ECF 35. The Court has not ruled on that motion or on the motions at ECF 7 through 10.

## III. ARGUMENT AND AUTHORITIES

A schedule may be modified for good cause with the judge's consent. Fed. R. Civ. P. 16(b)(4). The good-cause standard considers the explanation for the requested modification, the importance of the relief, potential prejudice, and the availability of a continuance to cure that prejudice. See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).

Each consideration supports the requested amendment. The pending Rule 12(b)(7) motion asks the Court to determine whether Morgan Marchingo, Melange Paints, LLC (Texas), and Ryan Schaub are required and indispensable parties, and asks in the alternative that the Court order their joinder. ECF 9. The September 30 deadline therefore requires the parties to litigate the joinder question on a parallel track while the Court has that same question under submission. A ruling may render party-addition motions unnecessary, may direct joinder on terms the parties cannot anticipate, or may dispose of claims that would otherwise define the scope of any amended

pleading. The deadline for leave to amend presents the same problem, because the rulings on the Rule 12(b)(6) and Rule 9(b) motion may bear on whether either party seeks to replead.

The parties have been diligent. The Rule 12 motions were filed within the time allowed for a responsive pleading, briefing closed in June, and Defendants have since sought a hearing to move the motions toward disposition. The delay in reaching the September 30 deadline is not attributable to either party.

No party will be prejudiced. The requested amendment affects only the two deadlines identified above and leaves the expert designation, discovery, dispositive motion, mediation, pretrial order, and docket call settings undisturbed. Absent the amendment, either party seeking to add a party or amend its pleading after the rulings issue would be required to show good cause under Rule 16(b)(4), and the Court would be asked to resolve that question on a record created by the Court's own briefing schedule rather than by any lack of diligence.

This motion is not sought for delay but so that the parties may address joinder and the pleadings on an informed basis.

## IV. CERTIFICATE OF CONFERENCE

On September 21, 2026, counsel for the parties conferred regarding the relief requested in this motion. The parties agree to the relief requested and file this motion jointly.

## V. PRAYER

The parties respectfully ask the Court to grant this motion, to amend paragraphs 1 and 2 of the Scheduling Order (ECF 34) to set the deadline for motions to add new parties and the deadline for motions for leave to amend pleadings at thirty (30) days after the Court rules on the motions pending at ECF 7, 8, 9, and 10, and to grant such other relief to which the parties are entitled.

**Respectfully submitted,**

**HENDERSHOT COWART P.C.**

By: *<u>/s/ Philip D. Racusin</u>*
Simon W. Hendershot, III
State Bar No. 09417200
trey@hchlawyers.com
Philip D. Racusin
State Bar No. 24054267
pracusin@hchlawyers.com
Sarah C. Caton
State Bar No. 24133625
scaton@hchlawyers.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

ATTORNEYS FOR DEFENDANTS
KARIE BOGART AND LEGACY PAINTS, LLC
(f/k/a MELANGE PAINTS, LLC)

**LEAVITT AND ELDREDGE LAW FIRM**

By: *<u>/s/ Brandon J. Leavitt (by permission)</u>*
Brandon James Leavitt
Texas Bar No. 24078841
S.D. Tex. Bar No. 3070683
brandon@uslawpros.com
4204 S.W. Green Oaks Blvd., Suite 140
Arlington, Texas 76017
Telephone: (214) 727-2055

ATTORNEY-IN-CHARGE FOR PLAINTIFF
GRAEBYRD VENTURES, LLC

## CERTIFICATE OF SERVICE

I certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: *<u>/s/ Philip D. Racusin</u>*